CLARENCE E. McMANUS, Judge.
 

 |
 
 STATEMENT OF THE CASE
 

 On April 12, 2006, the Jefferson Parish District Attorney filed a bill of information, charging defendant, Eric Richardson, with possession of a firearm while in possession of heroin, in violation of LSA-R.S. 14:95(E), and possession of cocaine in excess of 28 to 199 grams, in violation of LSA-R.S. 40:967. Defendant was arraigned on April 17, 2006, and pled not guilty to these charges.
 

 Defendant filed a motion to suppress evidence. A hearing on the motion was held on July 9, 2007. The following facts were taken from the testimonies presented at the hearing on the motion to suppress. On March 22, 2006, Agent Robert Blackwell of the Jefferson Parish Sheriffs Office was executing search warrants for a residence and a FEMA trailer located at 7804 Richard Street in Metairie. Agent Blackwell prepared the application for the search warrant following a controlled buy out of the residence using a confidential informant he had used in the past and whom he considered reliable. Also, complaints from citizens in the neighborhood were received. With the warrant, the agents were looking for illegal narcotics or any paraphernalia or currency associated with the Usale of illegal narcotics. The confidential informant gave the agents the address and defendant’s name. A physical description of defendant was received and officers were advised that he was possibly armed. Also, two car descriptions for a Ford Crown Victoria and a Pontiac Grand Prix were given as vehicles defendant drove. Defendant was known to reside in the FEMA trailer.
 

 Agent Blackwell was standing in the street when a black Land Rover came down the street without any lights. Agent Blackwell got out of the street and yelled “Turn your lights on.” The vehicle backed up and pulled into the driveway of the residence. Defendant was the driver of the vehicle. The vehicle was registered to a female who came to the scene a few minutes later and identified herself as defendant’s girlfriend. At this point, drug paraphernalia had been seized from the trailer and a rifle, pistol, and crack cocaine had been seized from the residence.
 

 Defendant opened the vehicle door and Agent Blackwell ordered the other two agents to detain him because he was reaching his hand under the seat. Agent Blackwell was concerned that he would pull out a weapon based on the information they had received. A loaded Taurus .45 caliber semiautomatic handgun and a clear plastic bag containing cocaine and heroin were recovered in the area in which defendant was reaching. Defendant was arrested.
 

 Sergeant Bougal located some keys in the vehicle and one was a Ford key. A Ford Crown Victoria was parked in the front of the residence. The officers knew this was one of the vehicles defendant used. Sergeant Bougal ran the plate to verify the car was registered to defendant. Sergeant Bougal noticed the “headliner” was down and when he shined his flash
 
 *906
 
 light he observed something in the headliner. He walked a canine dog past the car and the dog alerted to the vehicle. Sergeant Bougal used the key to open the vehicle and the dog entered and ^immediately alerted to the headliner area of the vehicle. A clear plastic bag was recovered from the headliner area. Agent Blackwell believed it contained crack cocaine.
 

 On July 9, 2007, the trial court denied defendant’s motion to suppress evidence, and defendant noted his objection. On May 19, 2009, defendant withdrew his former not guilty pleas and pled guilty as charged to possession of a firearm while in possession of heroin and possession of over 28 grams and less than 200 grams of cocaine. On this same date, defendant was sentenced to 18 years imprisonment at hard labor for the possession of cocaine in excess of 28 grams conviction and to five years imprisonment at hard labor for the possession of a firearm while in possession of heroin conviction. The sentences were ordered to run concurrently with each other. Defendant filed a pro se motion for appeal on May 28, 2009, and his appeal was granted on June 10, 2009.
 

 ASSIGNMENT OF ERROR NUMBER ONE
 

 In his assignment of error number one, defendant argues the trial court erred in denying his motion to suppress the evidence. He argues that the evidence seized from the Land Rover should have been suppressed because the search warrant did not include the Land Rover. Further, defendant argues that the Land Rover could not be searched without probable cause to arrest him and the State failed to prove there was probable cause for his arrest. Defendant recognizes that a Crosby
 
 [1]
 
 plea was not specifically mentioned in this case, but notes that he made an objection to the ruling in the suppression hearing and the trial court acknowledged that the objection was preserved.
 

 The State responds that defendant’s claim that the trial court erred in denying his motion to suppress evidence was waived upon entry of his unqualified Isguilty plea. The State contends that defendant did not reserve his appellate rights under
 
 State v. Crosby
 
 and acknowledged he was waiving his right to appeal. The State notes that in exchange for the unqualified plea the State agreed not to file a multiple bill against defendant. The State provides that it has fulfilled its end of the plea agreement, which resulted in a substantial sentencing benefit to defendant. The State concludes that defendant must be held to the terms of the plea bargain in which he knowingly and voluntarily entered and that appellate review should be denied.
 

 We find that defendant did not preserve his right to raise this suppression issue on appeal. A guilty plea normally waives all non-jurisdictional defects in the proceedings prior to the entry of the guilty plea, and precludes review of such defects either by appeal or post-conviction relief.
 
 State v. King,
 
 99-1348, p. 3 (La.App. 5 Cir. 5/17/00), 761 So.2d 791, 793,
 
 writ denied,
 
 00-1824 (La.6/29/01), 794 So.2d 822. A defendant may be allowed appellate review if at the time he enters a guilty plea, he expressly reserves his right to appeal a specific adverse ruling in the case.
 
 Id.
 
 Under
 
 State v. Crosby,
 
 338 So.2d 584 (1976), a defendant may reserve his right to appeal an adverse prior ruling of the trial court.
 
 Id.
 
 A defendant who fails to specify which pre-trial ruling he wishes to reserve for appeal as part of a guilty plea
 
 *907
 
 entered under
 
 Crosby
 
 is not precluded from review altogether, but his appellate review may be limited in scope.
 
 State v. Joseph,
 
 03-315, p. 1 (La.5/16/03), 847 So.2d 1196 (per curiam).
 

 In this case, we find that defendant, who was represented by counsel, did not enter his guilty plea under
 
 Crosby.
 
 On May 19, 2009, prior to the colloquy with defendant, defense counsel stated, “Before we go through the colloquy, the defendant wanted me to put on the record, one, that he wanted to make sure there was an objection to the original rulings by Judge Hand to the motions to suppress.” |fiThe trial judge responded, “Okay. Your objections are noted.” Although the objections to the suppression rulings were noted, we find that this statement, which defendant wanted on the record, did not serve as part of the plea agreement and did not preserve review of the ruling on appeal.
 

 Defendant expressly acknowledged that he was waiving his right to appeal. Specifically, during the colloquy the trial judge informed defendant that, by pleading guilty, he was waiving his right to appeal any verdict of guilty that might be returned against him at trial. Defendant acknowledged that he understood this. Additionally, defendant initialed and signed a waiver of rights form that reflects defendant understood that by pleading guilty he was waiving his right to appeal any verdict of guilty that might be returned at trial. There was no mention that the guilty plea was being entered pursuant to
 
 Crosby
 
 either during the plea colloquy or on the waiver of rights form. Thus, at the time defendant entered his plea, we find he made no reservation of his rights pursuant to
 
 Crosby.
 

 This Court has consistently held that a defendant’s failure to reserve the right to appeal under
 
 Crosby
 
 at the time he enters his guilty plea precludes his right to appeal the trial court’s ruling on a motion to suppress.
 
 See State v. Smith,
 
 09-168 (La.App. 5 Cir. 6/23/09), 19 So.3d 509;
 
 State v. Cox,
 
 02-0333, pp. 3-5 (La.App. 5 Cir. 9/30/02), 829 So.2d 521, 523-24;
 
 State v. Raines,
 
 00-1942 (La.App. 5 Cir. 5/30/01), 788 So.2d 630, 632;
 
 State v. King,
 
 99-1348 at 3-4, 761 So.2d at 793; and,
 
 State v. Barousse,
 
 442 So.2d 1220, 1220-21 (La.App. 5 Cir.1983).
 

 In
 
 Smith,
 
 09-168, 19 So.3d 509, the defendant challenged the denial of his motion to suppress the evidence. This Court found that although there were three references to
 
 Crosby
 
 in the record, at the time the defendant entered his plea, there was no mention of
 
 Crosby.
 
 This Court found that because the defendant did not enter his guilty plea under
 
 Crosby,
 
 he had not preserved his rights to appeal the ^denial of his motion to suppress. As such, this Court found the defendant in
 
 Smith
 
 was precluded from raising this issue on appeal and this Court dismissed the appeal.
 

 Based on the foregoing, we find that the defendant in this case has failed to preserve his rights to appeal the denial of his motion to suppress because he did not enter his guilty pleas under
 
 Crosby.
 
 As such, defendant is precluded from raising this suppression issue on appeal.
 

 ERROR PATENT DISCUSSION
 

 The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920;
 
 State v. Oliveaux,
 
 312 So.2d 337 (La.1975);
 
 State v. Weiland,
 
 556 So.2d 175 (La.App. 5 Cir.1990). The following matters are presented for review.
 

 It is noted that the waiver of rights form reflects defendant pled guilty to LSA-R.S. 40:967(C), instead of subsection (F). However, the offense was described in the waiver of rights form as possession of over
 
 *908
 
 28 grams of cocaine. Defendant was charged with Subsection (F) of this statute, which provides for a grade of the offense which involves possession of “twenty-eight grams or more, but less than two hundred grams, of cocaine[.]” Defendant withdrew his not guilty pleas and pled guilty as charged. The offense was described during the colloquy by defense counsel and the trial judge as possession of over 28 grams and under 200 grams of cocaine. It appears defendant pled guilty to subsection (F) and was aware of the nature and grade of the offense in which he was pleading. Defendant does not raise this argument on appeal or challenge his guilty plea. Therefore, no corrective action is required regarding this error.
 

 Next, the commitment reflects defendant pled guilty to “POSS/WITD CDS OVER 28 GRAMS — COCAINE.” However, this notation appears inaccurate since according to the transcript defendant pled guilty to possession of 28 grams or |smore but less than 200 grams of cocaine. Generally, where there is a discrepancy between the minutes and the transcript, the transcript prevails.
 
 State v. Lynch,
 
 441 So.2d 732, 734 (La.1983). Thus, we direct the district court to make an entry in the minutes reflecting the proper grade of offense, and the fact that defendant pled guilty to possession of 28 grams or more but less than 200 grams of cocaine, not possession with intent to distribute the cocaine. We further direct the clerk of court to transmit the original of the minute entry to the officer in charge of the institution to which defendant has been committed.
 
 See State ex rel. Roland v. State,
 
 06-0244 (La.9/15/06), 937 So.2d 846 (per curiam).
 

 We also find there is a discrepancy with the commitment regarding the LSA-R.S. 14:95(E) conviction. The commitment reflects that defendant pled guilty to “USE OF FIREARM/CDS-HEROIN.” Defendant actually pled guilty to
 
 possession of
 
 a firearm while in possession of heroin. However, because the use of the firearm and the possession of the firearm are both covered in the statute, we find that this matter does not require correction. LSA-R.S. 14:95(E) provides for a violation “[i]f the offender
 
 uses, possesses,
 
 or has under his immediate control any firearm ... while in the possession of ... a controlled dangerous substance.” (Emphasis added).
 

 There are also potential discrepancies between the transcript and commitment regarding sentencing. Again, the transcript prevails.
 
 See State v. Lynch, supra.
 
 The commitment reflects defendant was sentenced to five years imprisonment at hard labor without benefit of parole, probation or suspension of sentence for the LSA-R.S. 14:95(E) conviction. According to the transcript, when originally imposing the LSA-R.S. 14:95(E) sentence, the trial judge confused the two sentences and apparently imposed the sentence for the LSA-R.S. 14:95(E) conviction as the sentence for the LSA-R.S. 40:967(F) conviction and vice versa. |9However, defense counsel noted the issue and the judge attempted to correct the problem. The five-year sentence initially imposed, which was mistakenly associated with the LSA-R.S. 40:967(F) conviction, was imposed at hard labor. However, after noting the mistake, the trial judge agreed the five year sentence was for the LSA-R.S. 14:95(E) conviction, but did not restate that it would be imposed at hard labor. LSA-R.S. 14:95(E). We find no corrective action is necessary because the record appears to adequately reflect correction of the trial judge’s sentencing mistake.
 

 The commitment reflects defendant was sentenced to 18 years imprisonment at hard labor, with the first five years of the sentence to be served without benefit of
 
 *909
 
 probation or suspension of sentence for the LSA-R.S. 40:967(F) conviction. According to the transcript, the 18-year sentence was originally imposed for the LSA-R.S. 14:95(E) charge. When originally imposed and also when corrected, the 18-year sentence was ordered to be served at hard labor. However, the trial judge did not provide for any restriction of benefits. LSA-R.S. 40:967(G) provides the following regarding the restriction of benefits:
 

 With respect to any person to whom the provisions of Subsection F are applicable, the adjudication of guilt or imposition of sentence shall not be suspended, deferred, or withheld, nor shall such person be eligible for probation or parole prior to serving the minimum sentences provided by Subsection F.
 

 The minimum sentence under LSA-R.S. 40:967(F)(l)(a) is a five-year sentence. As such, it appears the first five years of the 18-year sentence was required to be served without benefits.
 
 See
 
 LSA-R.S. 40:967(F); LSA-R.S. 40:967(G).
 

 Also, under LSA-R.S. 14:95(E), the sentence shall be imposed “without the benefit of probation, parole, or suspension of sentence.” The commitment reflects that the sentence was imposed without benefit of parole, probation, or suspension 1 mof sentence. According to the transcript, after the sentence was announced, defense counsel noted that the five-year sentence for LSA-R.S. 14:95(E) is without benefit of parole, probation, or suspension of sentence. The trial judge simply noted, “But they will run concurrently with all the other sentences. So he’s looking at 18 years.”
 

 Such errors need not be corrected on remand. Under
 
 State v. Williams,
 
 00-1725, p. 10 (La.11/28/01), 800 So.2d 790, 799, and LSA-R.S. 15:301.1(A), the “without benefits” provision is self-activating.
 
 State v. Esteen,
 
 01-879, pp. 29-30 (La.App. 5 Cir. 5/15/02), 821 So.2d 60, 78-79,
 
 writ denied,
 
 02-1540 (La.12/13/02), 831 So.2d 983.
 

 Next, we find defendant received illegally lenient sentences regarding mandatory fines. As noted by the State, the mandatory fine set forth in LSA-R.S. 40:967(F)(l)(a) was not imposed. LSA-R.S. 40:967(F)(l)(a) requires a fine of “not less than fifty thousand dollars, nor more than one hundred fifty thousand dollars.” Defendant also pled guilty to LSA-R.S. 14:95(E) and did not receive a fine for this conviction. LSA-R.S. 14:95(E) requires a fine of “not more than ten thousand dollars.” This Court has held that a statute, providing for a fine for “not more than” a specified amount, does require a mandatory fine. However, this Court has noted that the matter is not free from doubt.
 
 State v. Kerlec,
 
 06-838, p. 8 (La.App. 5 Cir. 4/11/07), 957 So.2d 810, 815,
 
 writ denied,
 
 07-1119 (La.12/7/07), 969 So.2d 626.
 

 In
 
 State v. Grant,
 
 04-341, p. 4 (La.App. 5 Cir. 10/26/04), 887 So.2d 596, 598, this Court noted that it had the authority to correct an illegally lenient sentence, despite the fact that neither party had raised the issue below or on appeal, but that such authority is permissive rather than mandatory and noted this Court has, on occasion, declined to remand for imposition of a mandatory fine. This |⅜1 Court further noted in
 
 Grant
 
 that when a defendant is sentenced pursuant to a guilty plea, this Court has withheld from correcting an illegally lenient sentence, recognizing that the appellate court should refrain from employing errors patent review to set aside guilty pleas about which the defendant makes no complaint and which resulted in disposition of the case favorable to the defendant.
 
 Grant,
 
 04-341 at 4-5, 887 So.2d at 598;
 
 State v. Massey,
 
 02-872, p. 7 (La.App. 5 Cir. 2/11/03), 841 So.2d 862,
 
 *910
 
 865,
 
 writ denied,
 
 03-0805 (La.10/17/03), 855 So.2d 758 (citing
 
 State v. Campbell,
 
 01-0329, p. 1 (La.11/2/01), 799 So.2d 1136, 1136 (per curiam)).
 

 It is undisputed that the appellate court has the authority to correct an illegally lenient sentence at any time, even if the defendant has entered into a plea bargain and is negatively affected by the correction.
 
 State v. Campbell,
 
 08-1226, p. 8 (La.App. 5 Cir. 5/26/09), 15 So.3d 1076, 1081. The Louisiana Supreme Court has held that an appellate court has the authority under LSA-C.Cr.P. art. 882 to correct an illegally lenient sentence at any time, even if the issue of an illegal sentence was not raised by the defendant or the State.
 
 Campbell,
 
 08-1226 at 8, 15 So.3d at 1081, citing
 
 State v. Williams,
 
 00-1725 (La.11/28/01), 800 So.2d 790. Since that time, this Court has used that authority to notice the failure of the trial court to impose a mandatory fíne and the authority to remand the matter to the trial court for imposition of a mandatory fine. However, often in indigent defender matters, this Court has decided not to use this authority.
 
 Campbell,
 
 08-1226 at 8, 15 So.3d at 1081.
 

 In
 
 State v. Horton,
 
 09-250 (La.App. 5 Cir. 10/27/09), 28 So.3d 370, this Court declined to remand the matter for imposition of the mandatory fine due to the defendant’s indigent status, noting the following:
 

 | íüThis Court has the authority to correct an illegally lenient sentence. LSA-C.Cr.P. art. 882. However, this authority is permissive rather than mandatory. Recently, in
 
 State v. Campbell,
 
 08-1226, (La.App. 5 Cir. 5/26/09), 15 So.3d 1076, this Court noted defendant’s indigent status and declined to correct an illegally lenient sentence where the district court failed to impose a mandatory fine. In the present case, it is noted that defendant is indigent, since he is represented by the Louisiana Appellate Project, which provides appellate services for indigent criminal defendants in non-capital felony cases. Due to defendant’s indigent status, we decline to remand this matter for imposition of the mandatory fine.
 

 Id. See also State v. McGee,
 
 09-102 (La.App. 5 Cir. 9/29/09), 24 So.3d 235, in which this Court noted that defendant appeared indigent because he was represented by the Louisiana Appellate Project and then refrained from exercising its authority to correct the illegally lenient sentence that was imposed without the mandatory fine since the defendant’s sentence resulted from a guilty plea. Therefore, we decline to remand this matter to the trial court for resentencing to include the mandatory fine.
 

 Accordingly, we affirm defendant’s conviction and sentence and remand for correction of the error patent discussed above.
 

 CONVICTION AND SENTENCE AFFIRMED; MATTER REMANDED WITH INSTRUCTIONS.
 

 [1]
 

 .
 
 State v. Crosby,
 
 338 So.2d 584 (La.1976).