JUDE G. GRAVOIS, Judge.
 

 12This appeal challenges the district court’s denial of defendant, Robert E. Turner, Ill’s, motion to suppress evidence and motion to suppress statement. For the reasons that follow, we affirm defendant’s convictions and sentences, but remand this matter to the district court with instructions.
 

 
 *492
 

 PROCEDURAL HISTORY
 

 On June 1, 2009, the Jefferson Parish District Attorney filed a bill of information charging defendant, Robert E. Turner, III, with felon in possession of a firearm in violation of LSA-R.S. 14:95.1 (count one), and with possession with intent to distribute marijuana in violation of LSA-R.S. 40:966(A) (count three).
 
 [1]
 
 At his June 5, 2009 arraignment, defendant pled not guilty to these charges. Thereafter, on March 3, 2010, the trial court heard and denied defendant’s motions to suppress evidence and statement.
 

 laOn July 14, 2010, defendant -withdrew his pleas of not guilty, and after being advised of his rights, pled guilty as charged to both counts. In accordance with the plea agreement, the trial court, on count one, sentenced defendant to ten years imprisonment at hard labor, with the first year to be served without the benefit of parole, probation, or suspension of sentence. With regard to count three, the trial court sentenced defendant to twenty years imprisonment at hard labor, with five years to be served without the benefit of parole, probation, or suspension of sentence. The sentences were ordered to run concurrently with each other.
 

 Also on July 14, 2010, the State filed a multiple offender bill of information against defendant, alleging that he was a second felony offender. After he stipulated to the allegations in the multiple bill, the trial court vacated defendant’s original sentence on count three and sentenced him to twenty years imprisonment at hard labor, to be served without the benefit of probation or suspension of sentence.
 

 Defendant now appeals, alleging that the district court erred in denying his motion to suppress evidence and his motion to suppress statement. He specifically contends that the evidence should be suppressed because there was no articulable suspicion or justification for the protective sweep of his apartment, and further that the statement should be suppressed under the “fruit of the poisonous tree” doctrine. The State responds that defendant’s pleas were not entered pursuant to
 
 State v. Crosby,
 

 [2]
 

 and that defendant waived his appellate rights by entering unqualified guilty pleas.
 

 |
 
 ¿ANALYSIS
 

 It is well settled that a plea of guilty normally waives all non-jurisdictional defects in the proceedings prior to the plea.
 
 [3]
 
 However, a defendant may be allowed appellate review if, at the time he enters a guilty plea, he expressly reserves his right to appeal a specific adverse ruling in the case.
 
 [4]
 
 Under
 
 Crosby, supra,
 
 a defendant may reserve his right to appeal a prior adverse ruling of the trial court. A defendant who fails to specify which pretrial ruling he wishes to reserve for appeal as part of a guilty plea entered under
 
 Crosby
 
 is not precluded from review altogether, but his appellate review may be limited in scope.
 
 [5]
 

 In the present case, although defendant argues that he filed this appeal pursuant to
 
 Crosby,
 
 the record does not reflect that defendant, who was represented by counsel, specified at the time he entered guilty
 
 *493
 
 pleas that his guilty pleas were being made pursuant to
 
 Crosby.
 
 Instead, defendant entered unqualified pleas of guilty. The signed waiver of rights forms and colloquies in the trial court are void of any suggestion that the guilty pleas were made subject to the reservation of appellate review of the denial of defendant’s motions to suppress.
 

 When defendant contends in his brief that this appeal was filed pursuant to
 
 Crosby,
 
 he merely references his Motion for Appeal found in the record, rather than his guilty plea proceedings, and concludes that a
 
 Crosby
 
 appeal was allowed with direct permission of the trial judge.
 
 [6]
 
 The trial judge signed an Order granting defendant’s Motion for Appeal.
 
 [7]
 
 We find that the mere mention of
 
 Crosby
 
 in a | ¿motion for appeal is not sufficient to reserve appellate rights. In
 
 State v. Michael
 

 [8]
 

 ,
 
 this Court recognized the following:
 

 Although, within a Motion for Appeal filed on the day of sentencing, the defendant through counsel asserted “that his guilty plea was entered only after the trial court had ruled adversely on several pre-trial motions” and moved to appeal under the authority of
 
 State v. Crosby, infra,
 
 such request does not preserve the right to appeal those issues, even though an appeal is granted by the trial court.
 

 This Court found that “[t]he failure of the defendant to
 
 expressly stipulate
 
 that he was reserving his right to review at the time he entered a guilty plea would result in a waiver of that right.”
 
 Id.
 
 (Emphasis in original.) This Court has consistently held that a defendant’s failure to reserve the right to appeal under
 
 Crosby
 
 at the time he enters his guilty plea precludes his right to appeal the trial court’s ruling on a motion to suppress.
 
 [9]
 

 In the present case, defendant did not tender his guilty pleas pursuant to
 
 Crosby,
 
 and therefore, we find that defendant did in fact waive his right to appellate review of the arguments presented herein.
 
 [10]
 
 ,
 

 ERRORS PATENT REVIEW
 

 We have reviewed the record for errors patent, according to LSA-C.Cr.P. art. 920,
 
 State v. Oliveaux,
 

 [11]
 

 and
 
 State v. Weiland.
 

 [12]
 

 Our review reveals several errors.
 

 First, with regard to count one, the trial court imposed an illegally lenient sentence on defendant. At the time of defendant’s offense, LSA-R.S. 14:95.1 |f,provided the following penalty range for someone convicted of being a felon in possession of a firearm:
 

 B. Whoever is found guilty of violating the provisions of this Section shall be imprisoned at hard labor for not less than ten nor more than fifteen years without the benefit of probation, parole, or suspension of sentence and be fined not less than one
 
 *494
 
 thousand dollars nor more than five thousand dollars.
 

 In this case, defendant was sentenced to ten years imprisonment at hard labor with the first year of the sentence to be served without the benefit of parole, probation, or suspension of sentence. As such, the trial judge erred in restricting only the first year of the sentence instead of the entire sentence. Under LSA-R.S. 15:301.1 and
 
 State v.
 
 Williams,
 
 [13]
 
 however, a statute’s requirement that a defendant be sentenced without the benefit of parole, probation or suspension of sentence is self-activating. No corrective action is therefore required.
 
 [14]
 

 The same sentence was also imposed without the mandatory fine of “not less than one thousand dollars nor more than five thousand dollars.” Under LSA-C.Cr.P. art. 882(A), this Court has the authority to correct an illegally lenient sentence, despite the failure of the parties to raise it. This authority is permissive rather than mandatory.
 
 [15]
 
 An appellate court should refrain, however, from employing errors patent review to review guilty pleas about which defendant makes no complaint and which resulted in dispositions of the case favorable to the defendant.
 
 [16]
 
 Accordingly, we decline to exercise our authority in this regard.
 
 [17]
 

 We further note some errors in the commitments. First, the multiple bill commitment reflects that defendant was sentenced under the multiple bill statute, but does not reflect defendant’s specific status as a multiple offender. The |7transcript reflects that defendant admitted to being a second felony offender. This Court has recognized a similar matter to be an error patent. In
 
 State v.
 
 Defrene,
 
 [18]
 
 the transcript reflected that the defendant pled guilty to being a second felony offender while the commitment reflected that the defendant was “sentenced under the Multiple Bill statute.” This Court remanded the matter to the trial court for the limited purpose of correcting the commitment to state that the defendant was sentenced as a second felony offender. We do likewise here.
 

 Additionally, the commitment for the two convictions reflects that defendant pled guilty to “DIST/POSS OF A CDS marijuana.” More accurately, defendant pled guilty to “possession with intent to distribute marijuana.” Also, the commitment reflects that defendant pled guilty to “CONVICTED FELON WITH A WEAPON.” More accurately, defendant pled guilty to “felon in possession of a firearm.” We accordingly remand this matter to the trial court for the limited purpose of so clarifying the commitment.
 

 Finally, there is a discrepancy in the commitment regarding defendant’s enhanced sentence. The commitment reflects that defendant’s enhanced sentence was to run concurrently with the sentences imposed in case numbers 09-2898 and 09-3032. The colloquy, as well as the waiver of rights form from the multiple offender proceedings, indicate that defendant’s twenty-year enhanced sentence was to run concurrently with “all the other charges.” When the trial judge actually
 
 *495
 
 imposed the sentence, however, he did not expressly state that defendant’s sentences would run concurrently. Despite this discrepancy, it is clear from the record that all sentences imposed on defendant on his sentencing date, July 14, 2010, were to run concurrently. We accordingly remand this matter to the trial court for the limited purpose of clarifying the commitment to confirm that ^defendant’s twenty-year enhanced sentence is to run concurrently with all other sentences that were imposed on defendant on his sentencing date, July 14, 2010.
 

 CONCLUSION
 

 For the foregoing reasons, we affirm defendant’s convictions and sentences and remand this matter to the district court for the limited purpose of correcting the commitments as noted above and to make the entries in the minutes reflecting these changes. We further direct the Clerk of Court to transmit the original of the minute entries to the officer in charge of the institution in which defendant is being held.
 
 [19]
 

 AFFIRMED; REMANDED WITH INSTRUCTIONS
 

 [1]
 

 . Count two of the bill of information, which involved a charge against a co-defendant, was ultimately dismissed by the State.
 

 [2]
 

 . 338 So.2d 584 (La.1976).
 

 [3]
 

 .
 
 State v. Crosby,
 
 338 So.2d at 586.
 

 [4]
 

 .
 
 State v. Reed,
 
 10-527 (La.App. 5 Cir. 2/15/11), 61 So.3d 74, 77.
 

 [5]
 

 .
 
 State v. Richardson,
 
 09-714, p. 5 (La.App. 5 Cir. 2/9/10), 33 So.3d 903, 906-07,
 
 writ denied,
 
 10-0526 (La.10/15/10), 45 So.3d 1109.
 

 [6]
 

 . In his Motion for Appeal, defendant moved for an Order of Appeal "returnable on a date to be fixed by this Honorable Court pursuant to
 
 State v. Crosby."
 

 [7]
 

 .
 
 Crosby
 
 was not mentioned in the trial court’s Order granting defendant’s appeal.
 

 [8]
 

 . 454 So.2d 847, 850 (La.App. 5 Cir.1984).
 

 [9]
 

 .
 
 State v. Richardson,
 
 33 So.3d at 907.
 

 [10]
 

 . We note that defendant, in a writ application filed in this Court, challenged the trial court’s denial of his motion to suppress. On May 28, 2010, this Court denied defendant’s writ application finding "no error in the ruling of the trial court denying relator’s motion to suppress.”
 
 State v. Turner,
 
 10-K-300 (La.App. 5 Cir. 5/28/10) (unpublished writ disposition).
 

 [11]
 

 . 312 So.2d 337 (La.1975).
 

 [12]
 

 . 556 So.2d 175 (La.App. 5 Cir.1990).
 

 [13]
 

 . 00-1725, p. 10 (La.1/28/01), 800 So.2d 790, 799.
 

 [14]
 

 .
 
 See State v. McKenzie,
 
 09-893 (La.App. 5 Cir. 2/15/11), 61 So.3d 54, 61.
 

 [15]
 

 .
 
 State v. Welch,
 
 09-138, p. 12 (La.App. 5 Cir. 10/27/09), 28 So.3d 293, 300,
 
 writ denied,
 
 09-2662 (La.5/28/10) 36 So.3d 246.
 

 [16]
 

 .
 
 State v. Campbell,
 
 01-0329 (La.11/2/01), 799 So.2d 1136 (per curiam).
 

 [17]
 

 .
 
 See State v. Caccioppo,
 
 10-385 (La.App. 5 Cir. 2/15/11), 61 So.3d 61, 66.
 

 [18]
 

 . 07-823, p. 5 (La.App. 5 Cir. 2/19/08), 980 So.2d 31, 34.
 

 [19]
 

 .
 
 See
 
 LSA-C.Cr.P. art. 892(B)(2);
 
 State ex rel. Roland v. State,
 
 06-0244 (La.9/15/06), 937 So.2d 846 (per curiam).