STATE OF LOUISIANA

VERSUS

DEWAYNE A. ALLEN

NO. 19-KA-377

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 17-5152, DIVISION "B"
HONORABLE CORNELIUS E. REGAN, JUDGE PRESIDING


April 30, 2020


**HANS J. LILJEBERG**
**JUDGE**


Panel composed of Judges Robert A. Chaisson,
Hans J. Liljeberg, and John J. Molaison, Jr.


**CONVICTIONS AFFIRMED; SENTENCES ON**
**COUNTS 2-5 AFFIRMED; SENTENCE ON COUNT**
**1 AFFIRMED AS AMENDED; REMANDED FOR**
**CORRECTION OF THE UNIFORM COMMITMENT**
**ORDER; MOTION TO WITHDRAW GRANTED**
> **HJL**
> **RAC**
> **JJM**

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
 Honorable Paul D. Connick, Jr.
 Thomas J. Butler
 Zachary P. Popovich
 Meredith Hearn

COUNSEL FOR DEFENDANT/APPELLANT,
DEWAYNE A. ALLEN
 Dewayne A. Allen
 Cynthia K. Meyer

**LILJEBERG, J.**

Defendant appeals his convictions and sentences for five felony offenses. For the following reasons, we affirm defendant's convictions and his sentences on counts two through five. We amend the sentence on count one and affirm as amended. We also remand for correction of an error patent. Finally, we grant appellate counsel's motion to withdraw as counsel of record.

## PROCEDURAL HISTORY

On August 9, 2017, the District Attorney for Jefferson Parish filed a bill of information charging defendant, Dewayne A. Allen, with possession with intent to distribute heroin, in violation of La. R.S. 40:966(A) (count one); possession with intent to distribute cocaine, in violation of La. R.S. 40:967(A) (count two); possession of a firearm by a convicted felon, in violation of La. R.S. 14:95.1 (count three); possession of an unidentifiable firearm, in violation of La. R.S. 40:1792 (count four); and possession of a firearm by a person previously convicted of domestic abuse battery, in violation of La. R.S. 14:95.10 (count five). Defendant pleaded not guilty to the charged offenses.

On February 5, 2019, defendant withdrew his former pleas of not guilty, and after being advised of his *Boykin*[1] rights, pleaded guilty as charged.[2] In accordance with the plea agreement, defendant was sentenced on count one to 18 years imprisonment at hard labor, with the first ten years of the sentence to be served without benefit of probation, parole, or suspension of sentence; on count two to 18 years imprisonment at hard labor with the first two years to be served without benefit of probation, parole, or suspension of sentence; on count three to 18 years imprisonment at hard labor without benefit of probation, parole, or suspension of

_____

[1] *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
[2] On the same date, defendant pleaded guilty under district court case number 18-1307 to possession with intent to distribute heroin and possession of a firearm by a convicted felon. Defendant's appeal of those convictions is currently pending before this Court under companion case number 19-KA-388. Defendant also pleaded guilty to two misdemeanor offenses under case number 18-1571, which are not before this Court on appeal.

sentence; on count four to five years imprisonment at hard labor without benefit of probation, parole, or suspension of sentence; and on count five to five years imprisonment at hard labor. The trial court ordered defendant's sentences to run concurrently with each other.

On the same date, the State filed a multiple offender bill of information on count three—possession of a firearm by a convicted felon—alleging defendant to be a second-felony offender. Defendant stipulated to the multiple bill after being advised of his rights. The trial court then vacated defendant's original sentence on count three, and pursuant to the multiple offender stipulation, resentenced defendant on count three as a second-felony offender under La. R.S. 15:529.1, to 18 years imprisonment at hard labor without benefit of parole or suspension of sentence. The trial court ordered all of defendant's sentences, including those imposed in case numbers 18-1307 and 18-1571, to run concurrently and recommended defendant for participation in any available self-help programs. Defendant appeals.

## FACTS

Because defendant's convictions were the result of guilty pleas, the facts underlying the crimes of conviction are not fully developed in the record. Thus, the facts were gleaned from the bill of information which alleged that on July 12, 2017, defendant violated La. R.S. 40:966(A) in that he did knowingly or intentionally possess with the intent to distribute heroin (count one), defendant violated La. R.S. 40:967(A) in that he did knowingly or intentionally possess with the intent to distribute cocaine (count two), defendant violated La. R.S. 14:95.1 in that he did have in his possession a firearm, to wit: a Sig Saur 9 mm, serial number 52A062448, and Taurus .45 caliber pistol, having been previously convicted of the crime of possession of cocaine, in violation of La. R.S. 40:967(C), under case number 471-934 on January 9, 2009, in Orleans Parish Criminal District Court

(count three), defendant violated La. R.S. 40:1792 in that he did knowingly and intentionally possess, transfer, or transport a firearm, to wit: a Taurus .45 caliber pistol, with the serial numbers or identifying marks obliterated, altered, removed, or concealed (count four), and defendant violated La. R.S. 14:95.10 in that he did have in his possession a firearm, to wit: a Sig Saur 9 mm, serial number 52A062448, having been previously convicted of the crime of domestic abuse battery (2 counts) in violation of La. R.S. 14:35.3, under case number 531-678 on June 16, 2017, in Orleans Parish Criminal District Court (count five).

## LAW AND DISCUSSION

Defendant's appointed counsel has filed an appellate brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). She has also filed a motion to withdraw as counsel of record. Defendant has filed a *pro se* brief raising three assignments of error, namely, that the trial court erred in denying his motion to suppress, ineffective assistance of counsel, and sentencing errors.

### *Anders Brief*

Under the procedure adopted by this Court in *State v. Bradford* (La. App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11,[3] appointed appellate counsel has filed a brief asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, pursuant to *Anders*, *supra*, and *State v. Jyles*, 96-2669 (La. 12/12/97), 704 So.2d 241 (*per curiam*), appointed counsel requests permission to withdraw as counsel of record.

In *Anders*, *supra*, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if she finds her case to be

---

[3]In *Bradford*, *supra*, this Court adopted the procedures outlined in *State v. Benjamin*, 573 So.2d 528, 530 (La. App. 4th Cir. 1990), which were sanctioned by the Louisiana Supreme Court in *State v. Mouton*, 95-0981 (La. 4/28/95), 653 So.2d 1176, 1177 (*per curiam*).

wholly frivolous after a conscientious examination of it.[4]  The request must be accompanied by "a brief referring to anything in the record that might arguably support the appeal" so as to provide the reviewing court "with a basis for determining whether appointed counsel have fully performed their duty to support their clients' appeals to the best of their ability" and to assist the reviewing court "in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw." *McCoy v. Court of Appeals of Wisconsin, Dist. 1*, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).

In *Jyles*, 704 So.2d at 241, the Louisiana Supreme Court stated that an *Anders* brief need not tediously catalog every meritless pre-trial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit.  The supreme court explained that an *Anders* brief must demonstrate by full discussion and analysis that appellate counsel "has cast an advocate's eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration." *Id.*

When conducting a review for compliance with *Anders*, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. *Bradford*, 676 So.2d at 1110.  If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel's motion to withdraw and affirm the defendant's conviction and sentence.  However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing

---

[4]  The United States Supreme Court reiterated *Anders* in *Smith v. Robbins*, 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

the legal point(s) identified by the court, or grant the motion and appoint substitute appellate counsel. *Id.*

In the present case, defendant's appellate counsel asserts that after a detailed review of the record, she could find no non-frivolous issues to raise on appeal. Appellate counsel submits that the only pre-trial ruling which could arguably support an appeal is the denial of defendant's motion to suppress; however, she notes that defendant did not preserve his right to seek appellate review of the denial of any motions. Appellate counsel further maintains defendant entered unqualified guilty pleas, thereby waiving any non-jurisdictional defects. She further asserts the trial court advised defendant of the rights necessary to ensure a knowing and intelligent waiver of rights, as well as the sentencing ranges for the offenses and the sentences that would be imposed. Appellate counsel concludes that defendant was sentenced pursuant to the plea agreement, precluding him from challenging his sentences on appeal.

Appellate counsel has also filed a motion to withdraw as attorney of record which states she has made a conscientious and thorough review of the trial court record and can find no non-frivolous issues to raise on appeal and no rulings of the trial court which would arguably support the appeal.

The State agrees with appellate counsel that there are no non-frivolous issues to be raised on appeal, and that appellate counsel's request to withdraw should be granted.

An independent review of the record supports appellate counsel's assertion that there are no non-frivolous issues to be raised on appeal.

The bill of information properly charged defendant and plainly and concisely stated the essential facts constituting the charged offenses. It also sufficiently identified defendant and the crimes charged. *See generally* La. C.Cr.P. arts. 464-466. The record also shows there are no appealable issues surrounding

defendant's presence. The minute entries show defendant appeared at each stage of the proceedings against him, including his arraignment, his guilty plea proceeding, his sentencing, and his multiple bill proceeding, including his stipulation and his enhanced sentencing.

Further, defendant pleaded guilty as charged to the offenses contained in the bill of information. If a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea and precludes review of such defects either by appeal or post-conviction relief. *State v. Turner*, 09-1079 (La. App. 5 Cir. 7/27/10), 47 So.3d 455, 459. Because defendant entered unqualified guilty pleas, any non-jurisdictional defects were waived.

The record also indicates that defendant filed several pre-trial motions, including motions to suppress, which the trial court denied. However, defendant did not preserve any pre-trial rulings for appeal under the holding in *State v. Crosby*, 338 So.2d 584 (La. 1976).[5]

Additionally, a review of the record reveals no irregularities in defendant's guilty pleas that would render them invalid. Once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the *Boykin* colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. *State v. McCoil*, 05-658 (La. App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124.

The record shows defendant was aware he was pleading guilty to possession with intent to distribute heroin, possession with intent to distribute cocaine, possession of a firearm by a convicted felon, possession of an unidentifiable

---

[5] Under *Crosby*, a defendant may reserve his right to appeal a prior adverse ruling of the trial court. *State v. Richardson*, 09-714 (La. App. 5 Cir. 2/9/10), 33 So.3d 903, 906-07, *writ denied*, 10-526 (La. 10/15/10), 45 So.3d 1109.

firearm, and possession of a firearm by a person having been previously convicted of domestic abuse battery. Defendant was also properly advised of his *Boykin* rights. On the waiver of rights form and during the colloquy with the trial judge, defendant was advised of his right to a judge or jury trial, his right to confrontation, and his privilege against self-incrimination, and he indicated he understood he was waiving these rights.

Further, defendant was informed during the colloquy of the sentencing ranges for the offenses as well as the actual penalties that would be imposed upon acceptance of his guilty pleas. The trial court further informed defendant that his guilty pleas could be used to enhance a penalty for any future conviction. Defendant confirmed that he understood the possible legal consequences of pleading guilty and that he had not been forced, coerced, or intimidated into entering his guilty pleas. After his colloquy with defendant, the trial judge accepted defendant's guilty pleas as knowingly, intelligently, and voluntarily made.

Next, a review of the multiple offender proceeding does not reveal any non-frivolous issues for appeal. Defendant was advised of his multiple offender rights and indicated that he understood he was waiving them by stipulating to the allegations in the multiple offender bill. Defendant was also advised of the potential sentencing range as a second-felony offender for the crime of possession of a firearm by a convicted felon (count three), as well as the actual sentence that would be imposed. Defendant stipulated to being a second-felony offender as alleged in the multiple bill, thereby waiving his right to a hearing and any possible non-jurisdictional defects. By stipulating to the multiple bill, defendant is barred from asserting on appeal that the State failed to produce sufficient proof at the multiple bill hearing. *See State v. Schaefer*, 97-465 (La. App. 5 Cir. 11/25/97), 704 So.2d 300, 304.

Lastly, defendant's original sentences and enhanced sentence are within the sentencing ranges prescribed by the statutes. *See* La. R.S. 40:966(B)(4)(a); La. R.S. 40:967(B)(4)(b); La. R.S. 14:95.1(B); La. R.S. 40:1792; La. R.S. 14:95.10; La. R.S. 15:529.1(A)(1). Further, defendant's original and enhanced sentences were imposed pursuant to, and in conformity with, the plea agreement. La. C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of his sentence imposed in conformity with a plea agreement, which was set forth in the record at the time of the plea. *State v. Moore*, 06-875 (La. App. 5 Cir. 4/11/07), 958 So.2d 36, 46; *State v. Washington*, 05-211 (La. App. 5 Cir. 10/6/05), 916 So.2d 1171, 1173.

Based on the foregoing, the proceedings surrounding defendant's guilty pleas and sentencing do not present any non-frivolous issues to be raised on appeal. Appellate counsel's brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal, and an independent review of the record supports counsel's assertion.

## Pro Se Brief

In his first *pro se* assignment of error, defendant argues the evidence against him was illegally obtained, and thus, the trial court improperly denied his motion to suppress. He maintains the officers that entered his residence possessed an arrest warrant and not a search warrant, which he submits constituted an illegal search of the evidence that was seized.

As previously noted in the *Anders* discussion, defendant entered unqualified guilty pleas on all counts and thus waived all non-jurisdictional defects. Further, while defendant had a hearing on his motion to suppress, he did not preserve the denial of his motion to suppress for appeal under the holding in *Crosby*, *supra*, when he pleaded guilty and, therefore, he has waived any challenge to his guilty

pleas based upon the denial of this motion.[6]  Accordingly, because the ruling was not preserved for appellate review, we will not review the merits of defendant's motion to suppress as requested in this assignment of error.

In his second *pro se* assignment of error, defendant argues that his counsel was ineffective because he provided false information regarding the time he would have to serve in prison.  Thus, defendant contends his pleas were unknowingly and involuntarily made.  He further argues that he asked his attorney to have a preliminary hearing, but he did not receive one.

The Sixth Amendment to the United States Constitution and Article I, § 13 of the Louisiana Constitution safeguard a defendant's right to effective assistance of trial counsel.  According to the United States Supreme Court's opinion in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), a defendant asserting an ineffective assistance claim must show: 1) that defense counsel's performance was deficient; and 2) that the deficiency prejudiced the defendant.  The defendant has the burden of showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694.

The Louisiana Supreme Court has held that the two-part analysis of *Strickland*, *supra*, relative to ineffective assistance of counsel claims, applies to challenges to guilty pleas based upon ineffective assistance of counsel.  *State v. Crawford*, 15-0784 (La. 10/2/15), 176 So.3d 394, *cert denied*, -- U.S. -- , 136 S.Ct. 1454, 194 L.Ed.2d 557 (2016); *State v. Washington*, 491 So.2d 1337, 1338 (La. 1986).

---

[6] A defendant may be allowed appellate review if, at the time he enters a guilty plea, he expressly reserves his right to appeal a specific adverse ruling in the case. *State v. Turner*, 10-995 (La. App. 5 Cir. 9/27/11), 75 So.3d 491, 492, *writ denied*, 11-2379 (La. 4/27/12), 86 So.3d 625.

Generally, an ineffective assistance of counsel claim is most appropriately addressed through an application for post-conviction relief filed in the district court, where a full evidentiary hearing can be conducted, if necessary, rather than by direct appeal. *State v. Taylor*, 04-346 (La. App. 5 Cir. 10/26/04), 887 So.2d 589, 595. When the record contains sufficient evidence to rule on the merits of the claim and the issue is properly raised in an assignment of error on appeal, it may be addressed in the interest of judicial economy. *Id.* Where the record does not contain sufficient evidence to fully explore a claim of ineffective assistance of counsel, the claim should be relegated to post-conviction proceedings under La. C.Cr.P. arts. 924-930.8. *Id.*

Here, the record does not contain sufficient evidence to rule on the merits of defendant's ineffective assistance of counsel claims.[7] Accordingly, because the record is insufficient to fully explore defendant's claims, they would be more appropriately raised in an application for post-conviction relief in the trial court, where a full evidentiary hearing can be conducted, if necessary, and defendant can present evidence to support his allegations.[8]

In his final *pro se* assignment of error, defendant avers the trial court violated the ex post facto clause of the United States Constitution when he was sentenced under the habitual offender statute. He further argues he was subjected to double jeopardy by his sentencing under the habitual offender statute because he is already having to pay an increased penalty based on his prior felon status and thus, to enhance his sentence would be considered excessive. Finally, defendant argues his enhanced sentence is illegal because "the habitual offender bill was

---

[7] As an attachment to his *pro se* brief filed with this Court, defendant has provided alleged text message communications between his sister and his trial counsel. He contends that these messages establish that his counsel provided false information about the time he would have to serve in prison. However, this evidence is not in the record before us, and an appellate court is precluded from considering evidence which is not part of the record. *State v. Pertuit*, 95-935 (La. App. 5 Cir. 3/13/96), 673 So.2d 1055, 1057.
[8] The defendant would have to satisfy the requirements of La. C.Cr.P. art. 924, *et seq.*, in order to receive such a hearing.

amended as to the time between [defendant]'s release from supervision to the date of his new arrest, which resulted in an 18 year sentence as a habitual offender under the old law."

First, defendant claims that the ex post facto clause was violated when he was sentenced under the habitual offender statute. However, defendant has not briefed this issue. This conclusory statement, without more, is insufficient for this Court to review on appeal. Any assignment of error that is not briefed is considered abandoned on appeal. *See State v. Allen*, 06-778 (La. App. 5 Cir. 4/24/07), 955 So.2d 742, 757-58, *writ denied*, 08-2432 (La. 1/30/09), 999 So.2d 754. Thus, because defendant has not briefed this assignment of error, we find that it is abandoned.

With respect to defendant's double jeopardy claim, the Habitual Offender Law creates no independent offense but rather prescribes the conditions under which there is an enhanced penalty for the current offense. *State v. Boykin*, 34,133 (La. App. 2 Cir. 12/6/00), 774 So.2d 1074, 1075. Considerations of double jeopardy do not apply to multiple offender proceedings. *See State v. Dorthey*, 623 So.2d 1276, 1279 (La. 1993) (explaining that because the multiple offender hearing is not a trial, legal principles such as double jeopardy do not apply). Accordingly, defendant's claim that he was subjected to double jeopardy by being sentenced under the habitual offender statute is without merit.

Lastly, defendant argues that his enhanced sentence is illegal because "the Habitual Offender Bill was amended as to the time between [his] release from supervision to the date of new arrest, which resulted in an 18 year sentence as a habitual offender under the old law." However, this argument is unclear and defendant provides no further argument in support of this claim. Without further

argument, defendant has failed to brief this issue and we consider it abandoned.[9]
*See Allen*, *supra*.

## ERRORS PATENT

The record was reviewed for errors patent in accordance with La. C.Cr.P. art. 920; *State v. Oliveaux*, 312 So.2d 337 (La. 1975); and *State v. Weiland*, 556 So.2d 175 (La. App. 5th Cir. 1990). Two errors requiring corrective action were noted.

With regard to defendant's conviction on count one—possession with intent to distribute heroin—the trial court imposed an illegally harsh sentence. At the time defendant committed the offense on July 12, 2017, the sentencing range was not less than ten nor more than 50 years imprisonment with at least ten years to be served without benefit of probation or suspension of sentence. *See* La. R.S. 40:966(B)(4)(a). The statute did not provide for the restriction of parole. However, defendant was sentenced on count one to 18 years at hard labor without benefit of probation, parole, or suspension of sentence for the first ten years.

Pursuant to La. C.Cr.P. art. 882, an appellate court can correct an illegal sentence at any time. When a sentencing error involves the imposition of restrictions beyond those authorized by the legislature, the Louisiana Supreme Court instructs appellate courts to correct the error pursuant to their authority under La. C.Cr.P. art. 882. *State v. Sanders*, 04-17 (La. 5/14/04), 876 So.2d 42. Therefore, we amend defendant's sentence to eliminate the parole restriction on count one for the first ten years of defendant's 18-year sentence. *See State v.*

---

[9] To the extent defendant challenges his enhanced sentence based upon changes to the multiple offender law, we reiterate that defendant pleaded guilty as charged and was sentenced in accordance with the multiple offender plea agreement. La. C.Cr.P. art 881.2(A)(2) provides: "[t]he defendant cannot seek appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea." *See Moore*, *supra*; *Washington*, *supra*.

*Durall*, 15-793 (La. App. 5 Cir. 5/12/16), 192 So.3d 310. We also remand to the trial court with instructions to amend the sentencing minute entry and the Louisiana Uniform Commitment Order (UCO) to correctly reflect the sentence on count one as amended.

Also, the sentencing minute entry and the UCO, as to count five—possession of a firearm having been previously convicted of domestic abuse battery—reflect that defendant's five-year sentence is to be served without benefits. However, the trial court did not restrict benefits on defendant's count-five sentence, and the statute does not provide for a restriction of benefits. *See* La. R.S. 14:95.10. Where there is a discrepancy between the transcript and the minute entry, the transcript generally prevails. *State v. Lynch*, 441 So.2d 732, 734 (La. 1983). Accordingly, we remand the matter for correction of the sentencing minute entry and the UCO to correct this inaccuracy as to count five.

Once the UCO is corrected as to counts one and five, the Clerk of Court for the 24th Judicial District Court is ordered to transmit the corrected UCO to the appropriate authorities in accordance with La. C.Cr.P. art. 892(B)(2) and the Department of Corrections' legal department. *See State v. Ordonez*, 16-619 (La. App. 5 Cir. 3/15/17), 215 So.3d 473, 479; *State v. Doucet*, 17-200 (La. App. 5 Cir. 12/27/17), 237 So.3d 598, *writs denied*, 18-0077 (La. 10/8/18), 253 So.3d 789 and 18-0196 (La. 11/5/18), 255 So.3d 1052, *cert. denied*, --U.S.--, 139 S.Ct. 2676, 204 L.Ed.2d 1079 (2019); *State v. Long*, 12-184 (La. App. 5 Cir. 12/11/12), 106 So.3d 1136, 1142.

**DECREE**

For the foregoing reasons, we affirm defendant's convictions, and we affirm his sentences for counts two through five. We amend defendant's sentence as to

count one, and affirm as amended.  We also remand for correction of the UCO.

Finally, we grant appellate counsel's motion to withdraw as attorney of record.


**CONVICTIONS AFFIRMED; SENTENCES ON COUNTS 2-5 AFFIRMED; SENTENCE ON COUNT 1 AFFIRMED AS AMENDED; REMANDED FOR CORRECTION OF THE UNIFORM COMMITMENT ORDER; MOTION TO WITHDRAW GRANTED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**APRIL 30, 2020** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT
REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 19-KA-377

### E-NOTIFIED
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE CORNELIUS E. REGAN (DISTRICT JUDGE)
THOMAS J. BUTLER (APPELLEE)        CYNTHIA K. MEYER (APPELLANT)

### MAILED
ZACHARY P. POPOVICH (ATTORNEY)        DEWAYNE A. ALLEN #442373
HONORABLE PAUL D. CONNICK, JR.         NATCHITOCHES PARISH DETENTION
(ATTORNEY)                             CENTER
MEREDITH HEARN (ATTORNEY)             299 EDWINA DRIVE
TWENTY-FOURTH JUDICIAL DISTRICT       NATCHITOCHES, LA 71457
200 DERBIGNY STREET
GRETNA, LA 70053