## SCHAEFER v. BURAS TRANSPORTATION CO., INC.

---

(June 4, 1928. Opinion and Decree.)
(July 2, 1928. Rehearing Refused.)

---

Milton E. Schaefer, of New Orleans, attorney for plaintiff, appellee.

O. S. Livaudais, of New Orleans, attorney for defendant, appellant.

JONES, J. In this suit plaintiff seeks to recover from defendant two hundred and fifty ($250) Dollars, alleged attorney's fees for professional services rendered the defendant company.

Plaintiff avers as follows:

He was employed by defendant to attend a meeting of the stockholders at Buras, La., on the 30th day of March, 1926, and "there to do the necessary work and render such

services as were necessary and proper," where, petitioner, as attorney, succeeded in effecting peace between disputing stockholders and permitting the president, John Anticich to continue his office, he drew up dividend checks for each stockholder and sent them; advised the president as to future management and that president approved his services and promised payment therefor.

The defendant answered denying that Anticich was its president, that it had employed plaintiff.

After answer had been filed, plaintiff filed a supplemental and amended petition averring that plaintiff had inadvertently stated that said John Anticich was president of said defendant company, where, as a matter of fact, plaintiff should have stated that he was the vice-president of said company.

Plaintiff relied on the testimony of Anticich, vice-president, and his own testimony.

Anticich testified that neither he nor defendant had ever employed plaintiff to do the work for which this claim is made, that plaintiff was representing Ostoja Pavlovich, the secretary of the defendant company, and on page 2 of his testimony he says:

"Q. Did I do any work for you there? "A. Not for me; you did work, but you worked for Mr. Ostoja Pavlovich; you were opposing my side; you were opposing me there, Mr. Schaefer. You were working for Mr. Pavlovich, you understand, and he is the one who called the meeting to bring me there to show the accounts of the company, because he was going on and telling the stockholders that the company was going bankrupt, and he sent me to get my books and my accounts."

The record shows:

That there were differences between Pavlovich, the secretary, and Anticich, vice-president and manager of the defendant, that Pavlovich, who called the meeting of the stockholders, and employed plaintiff to represent him at said meeting by acting as secretary in his place. In fact the main task performed by plaintiff seems to have been the keeping of the minutes of the stockholders' meeting on March 30th, a secretarial duty which he performed at the request of that official. Furthermore, the task of making out dividend checks for stockholders is usually imposed on the secretary and not on the attorney, and it would seem to require clerical rather than legal service.

Plaintiff testifies, in part, as follows:

"Some time shortly before the 30th of March, I received a telephone message from Mr. Ostoja Pavlovich, who was secretary-treasurer of the Buras Transportation Company, that I would be asked to come down to a meeting of the stockholders of the Buras Transportation Company. I spoke to Mr. Pavlovich over the telephone, and ascertained when the meeting was to be held, and left the city on or about the 29th, or the day previous to the date fixed for the meeting, in order to be at Buras for the arrival of the launch, Dependent, on which was Captain Anticich, vice-president of the company, and Mr. Ostoja Pavlovich, secretary-treasurer. When the boat arrived, there were a number of the stockholders present, and, shortly after its arrival we went into a meeting, where it developed that there was serious difficulty between Mr. John Anticich, the vice-president, and Mr. Ostoja Pavlovich, the secretary-treasurer. There was no objection whatever by anyone to what happened there; as a matter of fact, I had taken complete charge in order to carry out the work I found awaiting me. I proceeded to write up, in my office, the minutes of the meeting and after I completed them forwarded them to Captain Anticich."

Luke Evasovich, the president of defendant corporation, testified that he did

not employ Mr. Schaefer and that he did not authorize anyone to employ him for the corporation; that Pavlovich had told him about a week before the meeting, "I am going to get Schaefer to act as secretary for the meeting * * * and I said all right." This statement is confirmed by the fact that plaintiff did act as secretary for Pavlovich.

John Breen, who has his office in same building at Buras with defendant, testified that Anticich had asked him to come to the meeting for him and make an original and carbon of proceedings, that the night before the meeing, plaintiff had said that. he would protect the interests of Captain Anticich there. Consequently witness did not attend meeting as he had promised.

Vogt, a stockholder, testified that plaintiff acted as secretary at the meeting for Pavlovich, the regular secretary, who had called the meeting. Pavlovich, the secretary, did not testify.

The weight of the evidence is clearly against plaintiff's contention that he was employed by the corporation. He, himself, admits he was originally employed by the secretary, who was contesting for control of the corporation. The fact that plaintiff performed the customary duties of that official, although he was present at the time, confirms plaintiff's admission.

All the other witnesses say he was representing the secretary.

The following decisions show the law on the subject is plain:

"The simple fact that" the services of the attorney "have enured to the benefit of other, when there is no contract relation, either directly or through some agent or representative, affords no legal foundation for a charge against such other person." Forman vs. Sewerage & Water Board, 119 La. 49, 43 So. 908, 12 Ann. Cas. 773; Walles vs. Succ. of Brown, 27 La. Ann. 411; Succession of Kernan, 105 La. 592, 30

So. 239; In re McPherson, 129 La. 182, 55 So. 756.

"Before a corporation can be held liable for services of an attorney not employed by it, it must appear that the services were primarily rendered to it, and that the benefits received were not the incidental results of services rendered 'to others." Titche vs. People's Savings Trust & Co., 7 Orl. App. 148.

"A claim for professional services against persons who are sui juris, or against the property of such persons, must like a claim for any other service, rest upon contract, either express or implied, made directly with the person so sought to be charged, or with some agent or representative of such person." In re McPherson, 129 La. 182, 55 So. 756.

For above reasons the judgment is reversed.

It is now ordered, adjudged and decreed that plaintiff's suit be dismissed at his cost.