BUSTER & SON v. LANGHOF

———

(December 16, 1929. Opinion and Decree.)
(January 27, 1930. Rehearing Refused.)

———

Titche, Kiam & Titche, of New Orleans, attorneys for plaintiff, appellee.

P. L. Fourchy, of New Orleans, attorney for defendant, appellant.

JANVIER, J. This matter comes before us on appeal from a judgment of the First City Court of New Orleans, rendered against defendant after the overruling of

his plea to the jurisdiction ratione personae.

Defendant was sued as a resident of the City of New Orleans. In his plea to the jurisdiction he alleged that he was a "resident and voter in the Parish of Jefferson."

The only evidence on the question of fact involved was given by defendant himself. He testified that for more than five years he had lived in the Parish of Jefferson but had conducted business in the City of New Orleans. There is no doubt that under the law of this state the general rule is that a resident of the state must be sued in the parish 'in which he resides and our attention has been directed to no decisions to the contrary. Nor are we told of any exception which is applicable to the facts of this case.

Counsel for plaintiff contends, however, that inasmuch as he was acting in good faith in bringing suit in this parish and inasmuch as on the merits no serious defense was set up, it would work a hardship on his client to have to pay the costs of court. This may be true, but in order to so hold, even if we had the right to do so, we would have to investigate the facts which, since we believe that the plea to the jurisdiction should have been sustained, are not properly before us.

It is therefore ordered, adjudged and decreed that the judgment appealed from be and it is annulled, avoided and reversed and that there now be judgment in favor of defendant and against plaintiff dismissing this suit.