JUDE G. GRAVOIS, Judge.
| «Defendant, Glenn Brooks, has appealed his conviction of simple robbery. For the reasons that follow, we affirm the conviction, amend defendant’s sentence to delete the parole restriction therefrom and as amended affirm the sentence, and remand *610 the matter for correction of the commitment.

FACTS

At trial, Charcel Allen testified that on May 11, 2011, he was walking to his home in St. Rose when defendant approached him and started a conversation with him. Without notice, defendant then proceeded to hit Mr. Allen, knocking him to the ground. A struggle ensued and Mr. Allen got up and ran to the door of a nearby home and began banging on the door. Mr. Allen was pursued by defendant. When the homeowner turned on the light, defendant fled. Mr. Allen testified that while he was on the ground, defendant ripped off his clothes and picked up a brick, threatening to hit him with it if he did not give him his money. Defendant eventually left with Mr. Allen’s cell phone, house keys, and 20 dollars.
14When the police arrived, Mr. Allen informed them that he knew his assailant from the neighborhood, and that his name was “Glenn.” Mr. Allen described his assailant as “a bald-headed” black male in his mid-30s, wearing a white t-shirt and shorts. Mr. Allen further provided the police with defendant’s home address. At trial, Mr. Allen identified defendant in open court as the individual who attacked and robbed him on May 11, 2011.
Keith Adams testified at trial that he was at his home on May 11, 2011 when he heard a “boom” outside, prompting him to get up and look out of the peep hole in his door. Because he was unable to see what was going on outside, he opened the door. Upon opening the door, he saw Mr. Allen on the ground and another person holding a brick. He went back into the house and called the police. Mr. Adams testified that he never got a “good look” at the perpetrator, but was “pretty sure” he would recognize him. However, when questioned at trial, Mr. Adams stated that he did not see the perpetrator in the courtroom.
Detective Lance Richards testified that he responded to the call from Mr. Adams. When he arrived at the scene, he observed Mr. Allen on the ground. Mr. Allen informed him that he knew the perpetrator as “Glenn” and directed the police to defendant’s residence. Detective Richards testified that the police knocked on the door of the residence that Mr. Adams had directed them to and were advised by the person there that she resided at this residence with defendant, Glenn Brooks, but that he was not at the residence at that time. Detective Richards testified that the description of defendant provided by Mr. Allen matched the description of defendant contained in the NCIC (National Crime Information Center) database. An arrest warrant for defendant was obtained and executed at this same residence a few days after the incident.
| ¿Defendant proceeded to trial before a twelve-person jury on a charge of armed robbery. At the conclusion of the trial, by a 10-2 vote, defendant was found guilty of the responsive verdict of simple robbery. A multiple bill of information was filed against defendant, alleging that he was a fourth felony offender. Defendant pled guilty to the multiple bill and was sentenced to 25 years imprisonment. Defendant now appeals his conviction.

PRO SE ASSIGNMENTS OF ERROR

[1]

In his first pro se assignment of error, defendant argues that the evidence *611 presented at trial was insufficient to support his conviction of the lesser included offense of simple robbery. Based on the insufficiency of the evidence in this case, defendant argues in his second and third pro se assignments of error that the trial court erred in denying his Motion for Post-Verdict Judgment of Acquittal and/or Motion for New Trial. Specifically, defendant asserts that the lack of physical evidence coupled with the inconsistent and unreliable testimony of the victim was insufficient to prove guilt beyond a reasonable doubt. Defendant further contends that the State failed to prove beyond a reasonable doubt that he was the perpetrator of the crime because the testimony of Mr. Adams at trial directly contradicts the victim’s identification of defendant as the perpetrator. Specifically, defendant maintains that Mr. Adams’ testimony, as well as the police unit’s on-scene dashboard tape recording, is “exculpatory material that proves wrongful identity.”
On October 14, 2011, defendant filed a Motion for Post-Verdict Judgment of Acquittal and/or Motion for New Trial. In his motions, and at the motion hearing |fiheld on December 8, 2011, defendant argued that the evidence in this case was insufficient to support the jury’s guilty verdict of simple robbery. Defendant argued that the State failed to prove beyond a reasonable doubt that he was the perpetrator of the crime “as there was direct evidence and testimony that directly contradicted that of the victim’s identification of his assailant.” Defendant further argued that there were numerous inconsistencies between the victim’s statement provided at the time of the incident and his trial testimony. The trial court denied defendant’s post-trial motions, finding that under the standard enunciated in Jackson v. Virginia, 448 U.S. 807, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979), “there wasn’t only sufficient evidence, there was more than sufficient evidence to find that the defendant was guilty beyond a reasonable doubt, and ... that the jury verdict was the entirely correct verdict based on the evidence adduced.”
The question of sufficiency of evidence is properly raised in the trial court by a motion for post-verdict judgment of acquittal. State v. Hooker, 05-251, p. 13 (La.App. 5 Cir. 1/17/06), 921 So.2d 1066, 1074. A post-verdict judgment of acquittal shall be granted only if the court finds that the evidence, viewed in a light most favorable to the State, does not reasonably permit a finding of guilty. La.C.Cr.P. art. 821(B). An appellate review of the denial of the motion for post-verdict judgment of acquittal is controlled by the standards set forth in Jackson v. Virginia, supra, which is codified in La.C.Cr.P. art. 821. State v. Addison, 00-1730 (La.App. 5 Cir. 5/16/01), 788 So.2d 608, 615, writ denied, 01-1660 (La.4/26/02), 814 So.2d 549.
A “motion for a new trial is based on the supposition that injustice has been done the defendant, and, unless such is shown to have been the case the motion shall be denied, no matter upon what allegations it is grounded.” La.C.Cr.P. art. 851. The |7decision on a motion for a new trial rests within the sound discretion of the trial judge and his ruling will not be disturbed on appeal absent a clear showing of an abuse of discretion. State v. Quest, 00-205 (La.App. 5 Cir. 10/18/00), 772 So.2d 772, 784, writ denied, 00-3137 (La.11/2/01), 800 So.2d 866. When a motion for a new trial is based on the verdict being contrary *612 to the law and the evidence, pursuant to La.C.Cr.P. art. 851(1), courts have addressed the constitutional issue of the sufficiency of the evidence. State v. Lyles, 03-141 (La.App. 5 Cir. 9/16/03), 858 So.2d 35, 50.
In reviewing claims challenging the sufficiency of the evidence or identification, an appellate court must consider “whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.” Jackson v. Virginia, supra.
In addition to proving each statutory element of the crime charged, the State must prove the identity of the perpetrator. State v. Vasquez, 98-898 (La.App. 5 Cir. 2/10/99), 729 So.2d 65, 69. Where the key issue is identification, the State is required to negate any reasonable probability of misidentification in order to carry its burden of proof. Id.
All evidence, both direct and circumstantial, must be sufficient to support the conclusion that the defendant is guilty beyond a reasonable doubt. State v. Jupiter, 06-93 (La.App. 5 Cir. 6/28/06), 934 So.2d 884, 888. The determination of the weight of evidence is a question of fact that rests solely with the trier-of-fact. State v. Upchurch, 00-1290 (La.App. 5 Cir. 1/30/01), 783 So.2d 398, 402. If there is a conflict in the testimony, the trier-of-fact may accept or reject, in whole or in part, the testimony of any witness. State v. Addison, 00-1730 (La.App. 5 Cir. 5/16/01), 788 So.2d 608, 613, unit denied, 01-1660 (La.4/26/02), 814 So.2d 549. |8In the absence of internal contradiction or irreconcilable conflict with physical evidence, the testimony of one witness, if believed by the trier-of-fact, is sufficient to convict. Id. It is not the function of the appellate court to second-guess the credibility of witnesses as determined by the trier of fact or to reweigh the evidence absent impingement on fundamental due process of law. State v. Jones, 08-20 (La.App. 5 Cir. 4/15/08), 985 So.2d 234, 240.
The record indicates that there was no physical evidence in this case linking defendant to the crime, and only a single witness identified defendant as the perpetrator of the robbery. However, the evidence adduced at trial was sufficient to convince a rational trier of fact that defendant was guilty of simple robbery.
The elements necessary to sustain a conviction of simple robbery are: 1) the taking of anything of value; 2) belonging to another; 3) from the person of another; 4) by use of force or intimidation. LSA-R.S. 14:65. Here, defendant contends that his identity as the perpetrator was not proven beyond a reasonable doubt.
The jury heard testimony from the victim, Mr. Allen, who stated that he had known defendant for several years from the neighborhood. Mr. Allen further testified that prior to the attack, defendant approached him on a bicycle and engaged in a conversation with him. Mr. Allen made positive and consistent identifications that defendant was the man who attacked and robbed him. In fact, Detective Richards testified that Mr. Allen’s description of his assailant, identified as “Glenn,” “matched perfectly” with the description of defendant contained in the NCIC database. Additionally, Mr. Allen’s recollection of the robbery was corroborated by Mr. Adams, who saw the assailant tearing at the victim’s clothing and holding a brick over his head.
Defendant argues that Mr. Adams’ testimony regarding his inability to identify defendant in court as the assailant exculpates him from the charged | 9offense. We disagree. Mr. Adams testified that he *613 only got a “glance” of the assailant noting that he was bald, but explained that he did not get a “good look at him point blank in the face.” Additionally, a recording made at the scene indicates that Mr. Adams told the officers that he only saw the back of the assailant’s head as he fled. Further, Mr. Adams’ testimony at trial that he could not identify any of the individuals in the courtroom as the assailant, despite his belief that he may recognize him, does not directly contradict Mr. Allen’s positive identification of defendant as the assailant. Obviously the jury accepted Mr. Allen’s testimony identifying defendant as the assailant.
After listening to the testimony and considering the evidence, the jury clearly believed that defendant committed the robbery and rejected the alternative hypothesis of innocence. The credibility of witnesses will not be reweighed on appeal. State v. Macon, 06-481 (La.6/1/07), 957 So.2d 1280, 1285-86.
Accordingly, we find that a rational trier of fact could have found that the evidence was sufficient under the Jackson standard to find defendant guilty of simple robbery. Therefore, the trial court did not err by denying defendant’s post-trial motions.
For the foregoing reasons, defendant’s pro se assignments of error are without merit.

COUNSELED ASSIGNMENT OF ERROR

Mr. Brooks was convicted by a non-unanimous verdict in violation of the United States and Louisiana Constitutions.

In his only counseled assignment of error, defendant challenges the constitutionality of LSA-C.Cr.P. art. 782(A), which allows for non-unanimous jury verdicts. In particular, he argues that the jury verdict in this case should be | Tndeclared invalid because non-unanimous verdicts violate the Sixth and Fourteenth Amendments of the United States Constitution. In this regard, defendant argues that the 2000 case of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), overruled by implication the holding in Apodaca v. Oregon, 406 U.S. 404, 92 S.Ct. 1628, 1630, 32 L.Ed.2d 184 (1972).
In response, the State contends that defendant failed to raise an objection to the express terms of LSA-C.Cr.P. art. 782(A) at trial, and therefore, has waived his right to contest the constitutionality of his non-unanimous guilty verdict on appeal. Alternatively, in the event this Court considers defendant’s assignment, the State maintains that under this Court’s ruling in State v. Carter, 10-973 (La.App. 5 Cir. 8/30/11), 75 So.3d 1, writ denied, 11-2060 (La.2/10/12), 80 So.3d 469, this Court has acknowledged that Apodaca, supra, has not been overturned, and that there is nothing constitutionally deficient with a non-unanimous jury verdict.
The record reflects that defendant was convicted, by a 10-2 vote, of the lesser included offense of simple robbery. The record does not reflect that defendant filed a motion to declare unconstitutional the non-unanimous jury verdict portions of either La. Const, art. I, § 17(A) or LSA-C.Cr.P. art. 782(A). Nor does the jury instructions conference reflect that defense counsel objected to the jurors being charged as to the requirement that ten of twelve of them must concur to render a verdict, as per LSA-C.Cr.P. art. 782(A). Additionally, defense counsel did not object to the verdict after it was rendered. Now, for the first time on appeal, defendant argues the non-unanimous verdict renders the jury verdict invalid.
LSA-C.Cr.P. art. 841 provides that an irregularity or error cannot be availed of after verdict unless it was objected to at *614 the time of the occurrence. In order to seek appellate review of an alleged trial court error, a party must make a 11! contemporaneous objection at trial, and he must state the grounds for the objection. LSA-C.Cr.P. art. 841; State v. Gaal, 01-376 (La.App. 5 Cir. 10/17/01), 800 So.2d 938, 949, writ denied, 02-2335 (La.10/3/03), 855 So.2d 294. Having failed to raise this alleged error in the trial court, defendant is not entitled to have this issue reviewed and considered by this Court.
Further, even if we were to find that this issue is properly before us on appellate review, the Louisiana Supreme Court has long held that non-unanimous jury verdicts- for twelve-person juries are not unconstitutional in non-capital cases. State v. Edwards, 420 So.2d 663, 674 (La.1982).
The defendant relies on the United States Supreme Court decisions of Apprendi, supra, Ring v. Arizona, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), and Jones v. United States, 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999), to support his proposition that a non-unanimous jury verdict violates his constitutional right to a jury trial. This issue has been addressed by the Louisiana Supreme Court, this Court, and other appellate courts in this State, and all have held that a defendant’s reliance on recent post-Apodaca jurisprudence used to question the viability of a less than unanimous jury verdict ignores the holdings of the courts of this State. See, State v. Carter, 10-973 (La.App. 5 Cir. 8/30/11), 75 So.3d 1, writ denied, 11-2060 (La.2/10/12), 80 So.3d 469; State v. Smith, 09-100 (La.App. 5 Cir. 8/25/09), 20 So.3d 533, 541; and State v. Barbour, 09-1258 (La.App. 4 Cir. 3/24/10), 35 So.3d 1142, writ denied, 10-934 (La.11/19/10), 49 So.3d 396, cert, denied, - U.S. -, 131 S.Ct. 1477, 179 L.Ed.2d 302 (2011), where the Fourth Circuit upheld a non-unanimous jury verdict.
In State v. Bertrand, 08-2215 (La.3/17/09), 6 So.3d 738, 743, the Louisiana Supreme Court reversed a district court ruling that La.C.Cr.P. art. 782 was unconstitutional, stating:
|12Pue to this Court’s prior determinations that Article 782 withstands constitutional scrutiny, and because we are not presumptuous enough to suppose, upon mere speculation, that the United States Supreme Court’s still valid determination that non-unanimous 12 person jury verdicts are constitutional may someday be overturned, we find that the trial court erred in ruling that Article 782 violated the Fifth, Sixth, and Fourteenth-Amendments. With respect to that ruling, it should go without saying that a trial judge is not at liberty to ignore the controlling jurisprudence of superior courts.
For the foregoing reasons, this assignment of error is without merit.

ERRORS PATENT REVIEW

The record was reviewed for errors patent, according to La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Wetland, 556 So.2d 175 (La.App. 5 Cir.1990). The following errors require corrective action.
A review of the multiple bill commitment in this case reflects that defendant was sentenced under LSA-R.S. 15:529.1, but does not reflect defendant’s specific status as a multiple offender. The transcript reflects that defendant admitted to being a fourth felony offender. This Court has recognized a similar matter to be an error patent. In State v. Dufrene, 07-823 (La.App. 5 Cir. 2/19/08), 980 So.2d 31, 34, the transcript reflected that the defendant pled guilty to being a second felony offender, while the commitment re- *615 fleeted that the defendant was “sentenced under the Multiple Bill statute.” This Court remanded the matter to the trial court for the limited purpose of correcting the commitment to state that the defendant was sentenced as a second felony offender. Id. Accordingly, this matter is remanded to the trial court for correction of the commitment to reflect that defendant was sentenced as a fourth felony offender.
Next, there is a discrepancy between the commitment and multiple offender sentencing transcript. The commitment states that defendant’s sentence is to “run consecutively with any parole revocation,” while the transcript reflects that | ^defendant’s sentence is to be served “consecutive to any parole revocation that you’re currently serving.” The transcript prevails when there is a discrepancy between the commitment and the transcript. State v. Lynch, 441 So.2d 732, 734 (La.1983). Thus, this matter is remanded to the trial court for correction of the commitment to conform to the transcript.
Our errors patent review also reveals that the trial court improperly imposed sentence without the benefit of parole. After defendant pled guilty to being a fourth felony offender, the trial court sentenced him to 25 years at hard labor without the benefit of parole, probation or suspension of sentence. According to LSA-R.S. 15:529.1(G), all habitual offender sentences are to be imposed without the benefit of probation or suspension of sentence. However, neither the simple robbery statute nor the habitual offender statute precludes eligibility for parole. LSA-R.S. 14:65; 15:529.1(G). Although LSA-R.S. 15:574.4(A)(1) states that “[a] person convicted of a third or subsequent felony offense shall not be eligible for parole,” the Louisiana Supreme Court has consistently held that, when a defendant is sentenced under a statute that contains no prohibition of parole, the district court must sentence defendant to a term that does not include such a prohibition because parole eligibility under LSA-R.S. 15:574.4 is to be determined by the Department of Corrections. State v. Henry, 42,416 (La.App. 2 Cir. 9/19/07), 966 So.2d 692, 706-07, writ denied, State ex rel. Henry v. State, 07-2227 (La.8/29/08), 989 So.2d 95. Accordingly, we amend defendant’s sentence to delete the parole restriction therefrom, and as amended affirm the sentence. On remand, the trial court is ordered to correct the commitment and to transmit the corrected commitment to the Department of Corrections.
Finally, neither the transcript nor the commitment indicates that the trial court advised defendant of the time period for seeking post-conviction relief as 1 ^provided in LSA-C.Cr.P. art. 930.8. It is well settled that if a trial court fails to advise, or provides an incomplete advisal, pursuant to La.C.Cr.P. art. 930.8, the appellate court may correct this error by informing the defendant of the applicable prescriptive period for post-conviction relief. State v. Jacobs, 07-887 (La.App. 5 Cir. 5/24/11), 67 So.3d 535, writ denied, 11-1753 (La.2/10/12), 80 So.3d 468. Thus, by way of this opinion, defendant is informed that no application for post-conviction relief, including an application for an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence have become final under the provisions of La. C.Cr.P. art. 914 or 922.

CONCLUSION

For the foregoing reasons, defendant’s conviction is affirmed. Defendant’s sentence is amended to delete the parole restriction therefrom, and as amended, we affirm the sentence. This matter is re *616 manded to the trial court for the limited purpose: 1) of correcting the commitment to reflect that defendant was sentenced as a fourth felony offender; 2) of correcting the commitment to conform to the transcript; 3) of correcting the commitment to delete the parole restriction from defendant’s sentence; and 4) to transmit the corrected commitment to the Department of Corrections.

CONVICTION AFFIRMED; SENTENCE AFFIRMED AS AMENDED; REMANDED WITH INSTRUCTIONS

. When the issues on appeal relate to both the sufficiency of evidence and one or more trial errors, the reviewing court should first determine the sufficiency of the evidence by considering the entirety of the evidence. State v. Hearold, 603 So.2d 731, 734 (La.1992). If the reviewing court determines that the evidence was insufficient, then the defendant is entitled *611 to an acquittal, and any alleged trial errors become moot. Id. Therefore, the sufficiency of the evidence is addressed first.