STEPHEN J. WINDHORST, Judge.
| ¡/This is defendant’s second appeal. Defendant was convicted of three counts of sexual offenses; one count of attempted indecent behavior with a juvenile, La. R.S. 14:27/42, one count of molestation of a known juvenile, La. R.S. 14:81.2, and one count of aggravated incest upon a known juvenile, La. R.S. 14:78.1. The trial court sentenced defendant to imprisonment at hard labor for two years on count one, imprisonment at hard labor for fifteen years on count two, and imprisonment at hard labor for fifteen years on count three, with the sentences on counts two and three to run concurrently, and the sentence on count one to run consecutively to the sentences on counts two and three. The trial court also ordered the first five years of the sentence on count two to be served without benefit of parole, probation, or suspension of sentence.
1 o,Thereafter, the State filed a habitual offender bill alleging defendant to be a third felony offender. A hearing was held over several days and at its conclusion, the trial court found defendant to be a second felony offender. The trial court vacated the original sentence on count three and resentenced defendant under the Habitual Offender Statute, La. R.S. 15:529.1, to thirty years in the Department of Corrections, without benefit of probation or suspension of sentence.
Defendant appealed his convictions and sentences, and the State filed a writ application challenging the trial court’s ruling that defendant was a second felony offender rather than a third felony offender. The writ application and appeal were consolidated for review in this Court. In the appeal, this Court found that the evidence was sufficient to support the convictions, and affirmed his convictions and sentences. This Court denied the State’s writ application. State v. E.J.M., III, 12-774 (La.App. 5 Cir. 5/23/13), 119 So.3d 648.
The State filed a writ application with the Louisiana Supreme Court challenging this Court’s denial of its supervisory writ. The Louisiana Supreme Court found that the trial court erred in finding defendant to be only a second felony offender when the State presented sufficient evidence to establish him a third offender. The Supreme Court granted the writ, vacated the sentence, and remanded the case to the trial court for resentencing consistent with defendant’s third felony offender status. State v. Morgan, 13-1495 (La.2/28/14), 134 So.3d 1160 (per curiam).
On remand, defendant filed a motion to reopen the hearing on the habitual offender proceeding that was denied. On that same date, the trial judge, in accordance with the Louisiana Supreme Court’s instructions, resentenced defendant as a *81 third felony offender to life imprisonment without benefit of parole, probation, or suspension of sentence. Defendant now appeals.
|4In this appeal, defense counsel assigns as error the trial court’s denial of his motion to reopen the habitual offender hearing. Defendant also filed a pro se brief in which he alleges that the trial court erred in denying the motion to reopen the habitual offender hearing. Defendant further contends that the Louisiana Supreme Court erred in granting the State’s application for writ of review.
The Louisiana Supreme Court, in granting the State’s application for writ of review, found that pursuant to State v. Balsam, 09-735 (La.6/19/09), 11 So.3d 475,
... the proper consideration for this out-of-state conviction is whether defendant knew and understood what he was waiving, not necessarily who informed him. Since defendant failed to meet his burden of proof, the trial court erred in finding defendant only a second felony habitual offender when the state presented sufficient evidence to establish him a third offender.
Consequently, defendant’s sentence is vacated and remanded to the trial court for resentencing consistent with defendant’s third felony habitual offender status. (Citations omitted.)
Morgan, supra at 1160.
On remand for resentencing, defendant filed a motion to reopen the hearing on the habitual offender proceeding so he could submit evidence to satisfy his burden of showing a procedural irregularity in the taking of the plea. Defense counsel noted that he did not present evidence at the original multiple bill hearing because the State had not carried its burden on one of the predicate convictions. When asked what evidence he would present, defense counsel said that he wanted defendant to testify. The State maintained that the Louisiana Supreme Court had already determined exactly what was supposed to happen at the hearing that day and “that’s what needs to happen at this hearing.” The State noted that the Supreme Court’s ruling was final and that there was no motion for “reconsideration” of the writ. The State also contended that the habitual offender | shearing was held over several days and that defendant could have testified at those hearings. The trial judge denied the motion to reopen the hearing, but he granted defense counsel’s request to proffer evidence.[1] The trial judge then vacated the original sentence and sentenced defendant as a third felony offender to life imprisonment “in accordance with our statutes” without the benefit of parole, probation, or suspension of sentence.
A review of this case shows that the Louisiana Supreme Court specifically found that since defendant failed to meet his burden of proof of showing an irregularity in any of the prior pleas at the habitual offender hearing, the trial court erred in finding him to be only a second felony offender when the State had presented sufficient evidence to establish him a third felony offender. The Louisiana Supreme Court therefore vacated defendant’s sentence and ordered the trial court to resentence defendant “consistent with defendant’s third felony habitual offender status.” On remand, the trial judge complied with the Louisiana Supreme Court’s order and resentenced defendant as a third felony offender. The Supreme Court did not -find error in any aspect of the hearing itself, or order the trial court to reopen the hearing for additional evidence. Thus, defendant’s initial habitual offender *82 hearing was affirmed by the Louisiana Supreme Court. We therefore find that the trial judge did not err in denying defendant’s motion to reopen the habitual offender hearing.
The record was reviewed for errors patent, according to the mandates of La. C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990).[2]
|fiWe find that although the commitment reflects that defendant was given a proper notice of the time period for seeking post-conviction relief as required by La.C.Cr.P. art. 930.8, the transcript does not. The transcript prevails when there is a discrepancy between the commitment and the transcript. State v. Lynch, 441 So.2d 732, 734 (La.1983).
Accordingly, we advise defendant by way of this opinion that no application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of La.C.Cr.P. arts. 914 or 922. See State v. Brooks, 12-226 (La.App. 5 Cir. 10/30/12), 103 So.3d 608, writ denied, 12-2478 (La.4/19/13), 111 So.3d 1030.
For the above discussed reasons, defendant’s adjudication as a third felony offender and his sentence imposed thereto are affirmed.
AFFIRMED

. Defense counsel proffered defendant’s testimony.

. Defendant is not entitled to a second errors patent review of his underlying convictions and sentences; however, the record on appeal regarding defendant's habitual offender re-sentencing was reviewed for errors patent. See State v. Taylor, 01-452 (La.App. 5 Cir. 11/14/01), 802 So.2d 779, 783-84, writ denied, 01-3326 (La.1/10/03), 834 So.2d 426; State v. Alberto, 95-540 (La.App. 5 Cir. 11/28/95), 665 So.2d 614, 625, writs denied, 95-1677 (La.3/22/96), 669 So.2d 1222, 96-0041 (La.3/29/96), 670 So.2d 1237.