MARC E. JOHNSON, Judge.
^Defendant, Keldon Ussin, Jr., appeals his conviction and sentence for possession with intent .to distribute heroin from,the 24th Judicial District Court, Division “C”. For the following reasons, we affirm the conviction and sentence and grant appellate counsel’s motion to withdraw.
On March 19, 2013, the Jefferson Parish District Attorney filed a bill of information charging Defendant with possession with intent to distribute heroin in violation of La. R.S. 40:966(A) (count three).[1] Defendant pleaded not guilty at his arraignment on March 21, 2013. On March 27, 2013, Defendant filed pre-trial motions including a motion to suppress confession, identification, and physical evidence.- Defendant filed additional pre-trial motions on April 23, =2014, including motions to suppress identification, evidence seized with a warrant and without a |awarrant, and statement. ■ On November 14, 2013, a hearing was held on Defendant’s motion to suppress evidence, and the trial judge ordered the hearing to remain open. After several suppression hearings, including a hearing that recommenced on October 15, 2014, Defendant’s motion to suppress evidence was denied.
' On March 27, 2015, Defendant withdrew his not guilty plea and pleaded -guilty to possession with intent to distribute heroin (count three),'- instead of proceeding to trial. 'During the guilty plea colloquy, the State provided the following factual basis for the plea:
If the State proceeded to trial in Case Number 13-0794, it would prove beyond a reasonable doubt the defendant Kel- . don Ussin, Jr. violated Louisiana Revised Statute 40:966.A on January 30, 2013 in Jefferson Parish and that he did intentionally possess with intent to distribute a controlled dangerous substance being heroin.
Defendant was immediately sentenced to 15 years at hard labor with five years of his sentence to be served without benefit of probation, parole, or suspension of sentence. The trial court also ordered Defendant’s sentence-to run concurrently with case -number 13-841 and any other 'sentence Defendant may be serving. The court recommended that Defendant participate .in programs, including drug treatment programs. The trial court, further *1229 ordered Defendant to pay court costs and other fees.
On April 14, 2015, Defendant filed an “appeal for post conviction [sic] relief [application].” The trial court granted Defendant’s motion for appeal and denied his application for post-conviction relief without prejudice on April 21, 2015. On May 8, 2015, Defendant filed a pro se motion for reconsideration of sentence, which was .denied.[2] This timely appeal follows.
I ¿ASSIGNMENTS OF ERROR
On appeal, Defendant’s counseled assignment of error seeks review of his conviction and sentence in conformity with the procedures outlined in State v. Jyles, 96-2669 (La.12/12/97); 704 So.2d 241 (per curiam). Defendant has also filed a pro se brief, alleging the following: 1) he received ineffective assistance of counsel; 2) the search of his residence was illegal; 8) a detective’s testimony at the suppression hearing was perjured; and 4) the incorrect arrest video was submitted into evidence by the State. . ■
LAW AND ANALYSIS

Anders Brief

Under the procedure adopted by this Court in State v. Bradford, 95-929 (La.App. 5 Cir. 6/25/96); 676 So.2d 1108, 1110-11,[3] appointed appellate counsel has filed a brief asserting that she has made a conscientious and thorough review of the entire appellate record, including the procedural history and facts, and has not found any non-frivolous,.issues,to raise on appeal.. Accordingly, appointed counsel requests permission to withdraw as counsel of record.
After receiving appellate counsel’s brief and motion to ¡withdraw, this Court performed a full examination of the appellate record to determine whether the appeal is frivolous in accordance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, supra. Our independent examination of the record in the instant case consisted of: (1) a review of the bill’ of information to ensure that Defendant was properly charged; (2) a review of all minute entries to ensure that Defendant was present at all Crucial stages of the | ^proceedings and that the conviction and sentence are legal; and (3) a -review of all the transcripts to determine if any ruling provides an arguable'"basis for appeal. : We find no non-frivolous issues regarding Defendant’s conviction.
Nonetheless, we note, there was one error found during our review for errors patent regarding Defendant’s sentence. Defendant was sentenced to 15 years imprisonment at hard labor with five years of his sentence to be served without benefit *1230 of probation, parole, or suspension of sentence and to run concurrently with case number 13-841 and any other sentence Defendant may be serving. At the time of the offense, Defendant’s conviction for possession with intent to distribute heroin was punishable by imprisonment for not less than five years nor more than 50 years at hard labor, at least five years of which shall be served without benefit of probation or suspension of sentence. See La. R.S. 40:966(B)(1); La. R.S. 40:964. Therefore, the length of Defendant’s sentence falls within the statutory range.
However, the trial court improperly imposed sentence without the benefit of parole. La. R.S. 40:966(B)(1) does not preclude eligibility for parole. The Louisiana Supreme Court has consistently held that, when a defendant is sentenced under a statute that contains no prohibition of parole, the trial court must sentence the defendant to a term that does not include such a prohibition because parole.eligibility under La. R.S. 15:574.4 is to be determined by the Department, of Corrections. State v. Brooks, 12-226 (La.App. 5 Cir. 10/30/12); 103 So.3d 608, writ denied, 12-2478 (La.4/19/13); 111 So.3d 1030 (citing State v. Henry, 42,416 (La.App. 2 Cir. 9/19/07); 966 So.2d 692, 706-07, writ denied, 07-2227 (La.8/29/08); 989 So.2d 95).
Further, when a sentencing error involves the imposition of restrictions beyond what the legislature has authorized in the sentencing statute, the Louisiana 16Supreme Court has ruled that the appellate courts “should not rely on La. R.S. 15:301.1(A) to correct the error as a matter of law but should correct the' sentence oh its own authority under La.‘ C.CrJP. art. 882 to correct an illegal sentence ‘at any time.’ ” State v. Sanders, 04-17 (La.5/14/04); 876 So.2d 42 (per curiam).
Accordingly, we amend Defendant’s sentence to delete the parole restriction and affirm the sentence as amended. In addition, we remand this matter for correction of the commitment regarding the deletion of the parole restriction and direct the Clerk of Court to transmit the original of the corrected commitment to the Department of Corrections’ legal department. See Brooks, supra. Furthermore, we grant appellate counsel’s motion to withdraw.

Pro Se Assignments of Error

In his pro se supplemental brief, Defendant argues that: 1) his trial attorneys were ineffective; 2) the officers conducted a warrantless search of his residence prior to obtaining a search warrant; 3) a detective provided perjured testimony at the suppression hearing; and 4) the State provided an incorrect taser video.[4] However, it is well-settled that a plea of guilty normally waives all non-jurisdictional defects in the proceedings prior to the plea. State v. Crosby, 338 So.2d 584, 586 (La.1976). A defendant may be allowed appellate review if, at the time he enters a guilty plea, he expressly reserves his right to appeal a specific adverse ruling in the ease. State v. Turner, 10-995 (La.App. 5 Cir. 9/27/11); 75 So.3d 491, 492, writ denied, 11-2379 (La.4/27/12); 86 So.3d 625. Under Crosby, a defendant may reserve his right to appeal a prior adverse ruling of the trial court. State v. Richardson, 09-714 (La.App. 5 Cir. 2/9/10); 33 So.3d 903, 906-07, writ denied, 10-526 (La.10/15/10); 45 So.3d 1109.
*1231 |7In the present case, Defendant entered an unqualified guilty plea. The signed waiver of rights form .and colloquy in the trial court are void of any suggestion that the guilty plea was made subject to the reservation of appellate review of the trial court’s denial of Defendant’s motion to suppress evidence. Further, the waiver form and. the colloquy both reflect that Defendant expressly waived his right to an appeal and, specifically, waived his right to assert an illegal search and seizure. This Court has consistently held that a defendant’s failure to reserve the right to appeal under Crosby at the time he enters his guilty plea precludes his right to appeal the trial court’s ruling on a motion to suppress. See Turner, 75 So.3d at 493. Therefore, we find that as Defendant did not tender his guilty plea pursuant to Crosby, supra, he waivéd his right to appellate review of the trial court’s denial of his motion to suppress evidence.
In his pro se brief, Defendant also argues that his trial counselors were ineffective. Specifically, he contends that he pleaded guilty out of fear and intimidation because his attorneys stated that if he refused the plea agreement offering a 15-year sentence, there was a “big percentage” that he would lose at trial. Defendant claims that his attorneys were reluctant in presenting the proper evidence in court. He also argues that his attorneys knew that Detective Daniel Darbonne was fired as a police officer for using drugs and was involved in criminal activities. Defendant claims that his attorneys also knew Detective Darbonne provided perjured testimony at the suppression hearing about resigning his position. He argues that his attorneys refused to raise Detective Dar-bonne’s situation in court.
The Sixth Amendment to the United States Constitution and Article I, § 13 of the Louisiana Constitution safeguard a defendant’s right to effective assistance of trial counsel. State v. Thomas, 12-1410 (La.9/4/13); 124 So.3d 1049, 1053. IsAccording to the United States Supreme Court’s opinion in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), a' defendant asserting an ineffective assistance claim must show: 1) that defense counsel’s performance was deficient and 2)-'that the deficiency prejudiced the defendant. • The defendant has the burden of showing that “there is a reasonable probability that, but for counsel’s unprofessional errors, the results of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.” Strickland, 466 U.S. at 694, 104 S.Ct. at 2068.
Generally, an ineffective assistance of counsel claim is most appropriately . addressed through an application for post-conviction relief filed in the district court, where a full evidentiary hearing can be conducted, rather than by direct appeal. State v. Jones, 13-99 (La.App. 5 Cir. 8/27/13); 123 So.3d 758, 765. However, when the record contains sufficient evidence to rule on the merits of the claim and the issue is properly raised in an assignment of error on appeal, it may be addressed in the interest of judicial economy. ' Where the record does not contain sufficient evidence to fully explore a claim of ineffective assistance of counsel, the claim should be relegated to post-conviction proceedings under La. C.Cr.P. arts. 924-930.8. State v. Taylor, 04-346 (La.App. 5 Cir. 10/26/04); 887 So.2d 589, 595.
.■ In the present case, we find that the evidence in the record is sufficient to address Defendant’s ineffective assistance of counsel claims., All of the .transcripts re *1232 lated to Defendant's claims are included in the record, including the motion' hearings, plea hearing, and the sentencing. Therefore, we will address Defendant’s ineffective assistance of counsel claims.
In order to prevail, the accused must overcome a strong presumption that counsel’s conduct - falls within the wide range of reasonable professional 'assistance. Strickland, 466 U.S. at 689, 104 S.Ct. 2066. An alleged error that is within the ambit of trial strategy does not establish ineffective assistance !of -counsel because-"opinions may differ on-the advisability of such a tactic.” State v. Wise, 13-247 (La.App. 6 Cir. 11/19/13); 128 So.3d 1220, 1230, writ denied, 14-253 (La.9/12/14); 147 So.3d 703.
In State v. Seals, 09-1089 (La.App. 6 Cir. 12/29/11); 83 So.3d 285, writ denied, 12-293 (La.10/26/12); 99 So.3d 53, cert. denied, — U.S. -, 133 S.Ct. 2796, 186 L.Ed.2d 863 (2013), this Court found that the defense counsel’s actions described by the defendant in his brief, including counsel’s actions performed during pre-trial investigation and trial preparation, fell within the ambit of trial strategy. Accordingly, this Court found that the defendant had npt demonstrated that, but for counsel’s alleged unprofessional conduct, the outcome of the trial would have been different. Seals, 83 So.3d at 328-29.
In the present case, Defendant argues that he was forced and intimidated to plead guilty by his trial counsels who informed him that he had a low percentage of -winning at trial. However, the waiver of rights form and guilty plea colloquy both reflect that Defendant indicated that no one had forced or intimidated him into pleading guilty. Defendant further stated that he understood that to plead guilty was his decision, and no one could force him to plead guilty. He also argues that his trial attorneys were reluctant to present the proper evidence in court. However, the record reflects that .the suppression-hearing was continually left open for nearly a year because the attorneys continued to extensively subpoena documents and present additional evidence on Defendant’s behalf.
Additionally, Defendant argues that defense counsel knew of Detective Dar-bonne’s departure as a police officer for drug use and criminal activity and refused to raise .this issue in court. However, the record reflects that defense | mcounsels subpoenaed extensive documents regarding Detective Darbonne’s personnel record, and they also subpoenaed and questioned witnesses at the suppression hearings on this issue. Further, the trial court conducted an in camera inspection of Detective Darbonne’s personnel record. From the record, Defendant’s trial attorneys were zealous advocates for Defendant regarding this and other'pre-trial issues.
Similar to Seals, supra, in the present case, we find that defense counsels’ actions described in Defendant’s brief regarding pre-trial representation fell within the ambit of trial strategy. Accordingly,-we find that Defendant has not demonstrated that, but for counsels’ alleged unprofessional conduct regarding pretrial representation, the outcome would have been different. See Seals, supra. Therefore, based upon the allegations made, we find that Defendant’s trial attorneys provided effective assistance of counsel to Defendant.
DECREE
For the foregoing' reasons, we' affirm Defendant’s conviction. Additionally, we *1233 amend Defendant’s sentence to delete the parole restriction and affirm the sentence as amended. We also remand the matter for correction of the commitment. Furthermore, we grant appellate counsel’s motion to .withdraw. . ■

CONVICTION AFFIRMED: SENTENCE AFFIRMED AS AMENDED: REMANDED FOR CORRECTION OF COMMITMENT: MOTION TO WITHDRAW GRANTED

. In the same bill of information as Defendant, a co-defendant, Robert' Constant, was charged with possession of heroin (count one) and possession of cocaine (count two).

. It is noted that Defendant’s pro se motion for reconsideration of sentence was untimely, as it was filed more than' thirty days after sentencing. See La. C.Cr.P. art. 888. I. It is further noted that the trial court denied Defendant’s motion for reconsideration of sentence because the trial court had been divested of jurisdiction. After an appeal is granted,a trial court can only take limited action including taking action pursuant to a "properly” filed motion to reconsider sentence. See La. C.Cr.P. art. 916. . However, as previously stated, Defendant’s motion for reconsid-. eration of sentence was untimely filed.

. In Bradford, supra, this Court adopted the procedures outlined, in State v. Benjamin, 573 So.2d 528, 530 (La.App. 4th Cir.1990), which were sanctioned by the Louisiana Supreme Court in State v. Mouton, 95-0981 (La.4/28/95); 653 So.2d 1176, 1177 (per curiam).

. Specifically, Defendant argues that the State provided the incorrect taser video, instead of the correct video with the correct time stamp that would show-that the officers searched Defendant’s apartment prior to the time the search warrant was issued.