STATE OF LOUISIANA

VERSUS

BOBBY L. JAMES

NO. 20-KA-366

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 16-4005, DIVISION "N"
HONORABLE STEPHEN D. ENRIGHT, JR., JUDGE PRESIDING


January 27, 2021


**STEPHEN J. WINDHORST**
**JUDGE**


Panel composed of Judges Jude G. Gravois,
Stephen J. Windhorst, and Hans J. Liljeberg


**CONVICTIONS AND SENTENCES VACATED; REMANDED**

**SJW**
**JGG**
**HJL**

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
     Honorable Paul D. Connick, Jr.
     Thomas J. Butler
     Anne M. Wallis
     Douglas W. Freese
     Brittany Beckner

COUNSEL FOR DEFENDANT/APPELLANT,
BOBBY L. JAMES
     Kevin V. Boshea

**WINDHORST, J.**

Defendant, Bobby L. James, appeals his convictions and sentences. For the reasons stated herein, we vacate defendant's convictions and sentences and remand the case to the trial court for further proceedings.

**PROCEDURAL HISTORY**

On August 18, 2016, a Jefferson Parish Grand Jury returned a true bill indicting defendant with the second degree murder and attempted armed robbery of Dwayne Baptiste, violations of La. R.S. 14:30.1 (count one) and La. R.S. 14:27 and La. R.S. 14:64 (count two). Defendant pled not guilty at his arraignment on October 13, 2016.

On February 23, 2017, defendant's motions to suppress identification and statement were denied by the trial court. On September 21, 2017, a hearing was held on the State's notice to introduce other crimes evidence pursuant to La. C.E. art. 404B relating to a December 10, 2012 incident in which defendant allegedly attempted to commit an armed robbery and burglary, and in the course of doing so, committed a second degree murder. At the conclusion of the hearing, the trial court granted the State's 404 B motion.

Trial commenced before a twelve-person jury on October 10, 2017. On October 12, 2017, the jury found defendant guilty as charged in ten to two verdicts on both counts.

On October 27, 2017, defendant filed a *pro se* motion for post-verdict judgment of acquittal and/or arrest of judgment, which was not ruled upon by the trial court. On November 2, 2017, the trial court sentenced defendant on count one to life imprisonment and on count two to forty-nine and one-half years imprisonment at hard labor. Both sentences were ordered to be served concurrently with each other and without the benefit of parole, probation, or suspension of sentence. The same day, defendant filed a motion for appeal, which the trial court granted. On November

28, 2018, this Court vacated defendant's sentences for second degree murder and attempted armed robbery and the matter was remanded to the trial court to rule on defendant's *pro se* motion for post-verdict judgment of acquittal.

On January 10, 2019, the trial court denied defendant's *pro se* motion for post-verdict judgment of acquittal. The same day, the trial court sentenced defendant on count one to life imprisonment and on count two to forty-nine and one-half years imprisonment at hard labor, with the sentences to be served concurrently with each other and without the benefit of parole, probation, or suspension of sentence. On August 6, 2020, defendant filed an application for post-conviction relief requesting an out-of-time appeal, which the trial court granted. This appeal followed.

**DISCUSSION**

In his first assignment of error, defendant contends that the non-unanimous verdicts are in violation of the holding in Ramos v. Louisiana, 590 U.S. —, 140 S.Ct. 1390, 206 L.Ed.2d 583 (2020).

Defendant was charged with second degree murder and attempted armed robbery. Since the punishment for these offenses is necessarily confinement at hard labor, a jury of twelve persons was required. See La. Const. Art. I, §17; La. C.Cr.P. art. 782; La. R.S. 14:30.1; La. R.S. 14:27; La. R.S. 14:64. Non-unanimous verdicts were previously allowed under La. Const. Art. I, §17 and La. C.Cr.P. art. 782, and the circumstances of this case. The constitutionality of the statutes was previously addressed by many courts, all of which rejected the argument. See Apodaca v. Oregon, 406 U.S. 404, 92 S.Ct. 1628, 32 L.Ed.2d 184 (1972); State v. Bertrand, 08-2215, 08-2311 (La. 03/17/09), 6 So.3d 738, 742-43; State v. Brooks, 12-226 (La. App. 5 Cir. 10/30/12), 103 So.3d 608, 613-14, writ denied, 12-2478 (La. 04/19/13), 111 So.3d 1030.

However, recently the United States Supreme Court in Ramos, supra, found that the Sixth Amendment right to a jury trial, as incorporated against the States by

the Fourteenth Amendment, requires a unanimous verdict to convict a defendant of a serious offense.[1] Id. at 1397.

Based on Ramos, and that this case is on direct appeal,[2] we find that since the jury's verdict was not unanimous for these serious offenses as required by Ramos, defendant's convictions and sentences are vacated and the matter is remanded to the trial court for further proceedings.

Lastly, our review of the record under State v. Raymo, 419 So.2d 858, 861 (La. 1982), reflects that defendant is not entitled to an acquittal under the standards of Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Hudson v. Louisiana, 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981); and State v. Hearold, 603 So.2d 731, 734 (La. 1992).

Because we are vacating defendant's convictions and sentences based on Ramos, we pretermit defendant's remaining assignments of error.

**DECREE**

For the reasons stated above, defendant's convictions and sentences are vacated and this case is remanded to the trial court for further proceedings.

**<u>CONVICTIONS AND SENTENCES VACATED; REMANDED</u>**

---

[1] For purposes of the Sixth Amendment, federal law defines petty offenses as offenses subject to imprisonment of six months or less, and serious offenses as offenses subject to imprisonment over six months. The Sixth Amendment's right to a jury trial only attaches to serious offenses. See generally Lewis v. United States, 518 U.S. 322, 327-28, 116 S.Ct. 2163, 135 L.Ed.2d 590 (1996); Hill v. Louisiana, 2013 WL 486691 (E.D. La. 2013).

[2] See Schriro v. Summerlin, 542 U.S. 348, 351, 124 S.Ct. 2519, 2522, 159 L.Ed.2d 442 (2004), observing that "[w]hen a decision of [the United States Supreme Court] results in a 'new rule,' that rule applies to all criminal cases still pending on direct review," citing Griffith v. Kentucky, 479 U.S. 314, 328, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987) ("a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a 'clear break' with the past.").

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **JANUARY 27, 2021** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

CURTIS B. PURSELL
CLERK OF COURT

## 20-KA-366

### E-NOTIFIED
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE STEPHEN D. ENRIGHT, JR. (DISTRICT JUDGE)
ANNE M. WALLIS (APPELLEE)          THOMAS J. BUTLER (APPELLEE)          KEVIN V. BOSHEA (APPELLANT)
GRANT L. WILLIS (APPELLEE)

### MAILED
HONORABLE JEFFREY M. LANDRY
(APPELLEE)
ATTORNEY GENERAL
LOUISIANA DEPARTMENT OF JUSTICE
1885 NORTH 3RD STREET
6TH FLOOR, LIVINGSTON BUILDING
BATON ROUGE, LA 70802

HONORABLE PAUL D. CONNICK, JR.
(APPELLEE)
DISTRICT ATTORNEY
BRITTANY BECKNER (APPELLEE)
DOUGLAS W. FREESE (APPELLEE)
ASSISTANT DISTRICT ATTORNEYS
TWENTY-FOURTH JUDICIAL DISTRICT
200 DERBIGNY STREET
GRETNA, LA 70053