HANS J. LILJEBERG, Judge.
| .¡Defendant, Johnas Durall, pleaded guilty to possession of' heroin (28-100 grams), in violation of La. R.S. 40:966(D)[1] The trial court sentenced defendant to 30 years imprisonment at hard labor, the first five years to be served without the benefit of probation, parole or suspension of sentence, as per the plea agreement.' Defendant’s appointed appellate counsel filed an Anders[2] brief, asserting there is no basis for a non-frivolous appeal.
*287 For the following reasons,-we affirm defendant’s conviction and sentence. We also grant appellate counsel’s motion to withdraw as counsel.

PROCEDURAL HISTORY AND PACTS

On June 6, 2014, defendant was charged by bill of information with possession of heroin between 28 and 200 grams. Defendant pleaded not guilty at |4his arraignment. Although defense counsel filed omnibus pretrial motions, no hearings were held due to defendant’s agreement to enter a guilty plea. On October 21, 2014, after being advised of his Boykin[3] constitutional rights, defendant withdrew his plea of not guilty and pleaded guilty as charged. During his plea colloquy, defendant admitted he possessed over 28 grams, but less than 200 grams, of heroin. In accordance with the negotiated plea agreement, the trial court sentenced defendant to 30 years imprisonment at hard.labor, five years of which were to be served without the benefit of probation, parole or suspension of sentence.
On October 22, 2015, defendant filed an application for post-conviction relief asking the trial court to vacate his guilty plea and sentence based on claims of ineffective assistance of counsel. The trial court ruled that pursuant to La.C.Cr.P. art. 924.1, it could not entertain defendant’s post-conviction application because defendant could appeal the conviction and sentence he sought to challenge by seeking an out-of-time appeal. Therefore, the trial court construed defendant’s application as a re-qüest for an out-of-time appeal and granted the relief requested.

ANDERS BRIEF

Under the procedure' adopted by this Court in State v. Bradford, 95-929 (La. App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11,[4] appointed appellate counsel' filed' a brief asserting that she thoroughly'reviewed the trial court record-and could not identify any non-frivolous issues to raise on appeal. Accordingly, pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241 (per curiam), appointed counsel requests permission to withdraw as counsel of-rec' ord.
| ⅛ Anders, supra, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if he finds the case to be wholly frivolous after a conscientious examination of it. The request must be accompanied by ⅛ brief referring to anything in the record that might arguably support .the appeal” so as to provide the reviewing court “with a basis for determining whether appointed counsel have fully performed their duty to support their clients’ appeals to the best of their ability” and to assist the reviewing court “in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw.” McCoy v. Court of Appeals of Wisconsin, Dist. 1, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).
When conducting a review for compliance with Anders, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. If, after an independent *288 review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. Bradford, 676 So.2d at 1110.
In the present case, defendant’s appellate counsel asserts that after a careful review of the record, she can find no non-frivolous issues to raise on appeal. She notes there are no trial court rulings to challenge. Counsel further explains that defendant entered an unqualified guilty plea, thereby waiving all non-jurisdictional defects. She notes defendant did not reserve any rights under State v. Crosby[5] as part of the plea agreement, and the trial court conducted a proper colloquy with defendant prior to accepting his guilty plea.
| ^Appellate counsel noted that she considered whether to raise defendant’s claim that he was coerced into entering the guilty plea, but concluded this claim would be frivolous based on the appellate record presented. She also considered a claim of excessiveness of sentence, but concluded this claim would also be frivolous. In reaching this conclusion, counsel noted the trial court informed defendant of his sentence during the plea colloquy and further noted defendant’s sentence was concurrent with the sentence he received in his companion case on that same day.[6]
An independent review of the record supports appellate counsel’s assertion that no non-frivolous issues exist to raise on appeal. The bill of information properly charged defendant. It plainly, concisely, and definitely states the essential facts constituting the offenses charged, and it sufficiently identifies defendant and the crimes charged. See La.C.Cr.P. arts. 464 and 466. As reflected by the minute entries and transcripts, defendant appeared at all crucial stages of the proceedings against him. As such, defendant’s presence does not present any issue for appeal. Prior to his guilty pleas, defendant filed pre-trial motions to suppress statements, evidence, and identification. While the record indicates the trial court did not rule on these motions, defendant waived the motions by pleading guilty without reserving any issues. See State v. Corzo, 04-791 (La.App. 5 Cir. 2/15/05), 896 So.2d 1101, 1102.
The record establishes defendant was aware he was pleading guilty to possession of heroin (28-100 grams) in violation of La. R.S. 40:966(D). The transcript and waiver of rights form both reflect that defendant was advised of his rights to a trial by jury or by the court, to confront and cross-examine his accusers, against self-incrimination, and that by pleading guilty he was waiving those lights. |7Thus, defendant was properly advised of his Boykin rights, and the record reflects defendant understood he was waiving these rights. In addition, defendant indicated he discussed the case with his attorney, his attorney explained the waiver of rights form to him, and he understood the waiver of rights form. Defendant also indicated he was not forced, intimidated, coerced, or promised anything if he pleaded guilty.
The transcript and the waiver of rights form both reflect the trial court advised defendant that he faced a maximum sentence of 30 years imprisonment and a fine of at least $50,000. They also reflect the trial court advised defendant that if it ac *289 cepted his guilty pleas, he would be sentenced to 30 years imprisonment in both of his cases to run concurrently with each other. The State also agreed to file' a reduced “double bill” in defendant’s companion case in exchange for his guilty plea, and defendant stipulated to this bill. In his supplemental brief, defendant acknowledges that as a triple offender, he would have faced a life sentence under La. R.S. 15:529.1(A)(3)(b).
The trial court sentenced defendant in conformity with the plea agreement. La. C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of his sentence imposed in conformity with a plea agreement, which was set forth.in the record at the time of the plea. See State v. Ott, 12-111 (La.App. 5 Cir. 10/16/12), 102 So.3d 944, 951. We see no evidence defendant was coerced into pleading guilty, and he admitted to possessing heroin .in an amount in excess of 28 grams. Furthermore, the imposed sentence falls within the sentencing range of five years without the benefit of probation, parole or suspension of sentence to 30 years at hard labor, and a fine of no less than $50,000 to no more than $150,000, as prescribed by La. R.S. 40:966(D)(a) and (G).
| «Based on the foregoing, we find that defendant’s guilty plea, multiple offender stipulation and sentencing do not present any non-frivolous issues to be raised on appeal. Appellate counsel’s brief adequately demonstrates she reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal. An independent review of the record supports counsel’s assertion.

PRO SE SUPPLEMENTAL BRIEF

Defendant filed a pro se supplemental brief setting forth one assignment of error in which he asserts his due process rights were violated because his counsel erroneously advised him that he would receive a mandatory life sentence if he did not plead guilty. Defendant contends the threats of a mandatory life sentence pressured him into entering his guilty plea.
Shortly before defendant pleaded guilty, the prosecutor for the State indicated defendant was a “triple bill, life,” and that his priors were “another P-wit or distribution” and manslaughter. Defendant does not dispute that he faced, a sentence of life imprisonment if the State proved he was a third felony offender pursuant to La. R.S. 15:529.1(A)(3)(b). Rather, defendant contends he did not make an informed and conscious decision to enter a guilty plea because his attorney’s advice that a life sentence would be mandatory under La. R.S. 15:529.1 was incorrect.[7]
To support. this argument, defendant cites to this Court’s decision in State v. Washington, 00-301 (La.App. 5. Cir. 9/26/00), 769 So.2d 1235, 1241-41, writs denied, 00-2971 (La.9/28/01), 798 So.2d 106, 00-3041 (La.9/28/01), 798 So.2d 108. In Washington, a jury found the defendant guilty of theft of goods between | a$100 and $500, and the State filed a multiple offender bill alleging the defendant was a third felony offender. Following a hearing, the trial court ruled the defendant a third *290 felony offender and sentenced him to life imprisonment pursuant to La, R.S, 15:529,1. On appeal, the defendant argued that his life sentence was constitutionally excessive.
The Washington court, did not disagree that the life sentence under La. R.S. 15:529,1 was mandatory, but rather determined the trial court imposed the sentence under the mistaken belief it could not deviate from the mandatory life sentence, Id, at 1241. This Court noted that while a sentencing judge must always start with the presumption that a mandatory -minimum sentence is constitutional, a trial court may depart from a mandatory sentence if clear and convincing evidence rebuts the presumption of constitutionality. Id. 'Furthermore, in order to rebut the presumption, the defendant must prove that “[h]e is exceptional, which in this context means that because of unusual circumstances the defendant is a victim of the legislature’s failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case.” State v. Ross, 14-84 (La.App. 5 Cir. 10/15/14), 182 So.3d 983, 988. Downward departures from the minimum sentences mandated by La, R.S. 15:529.1 should only occur in rare situations. State v. Wise, 14-378 (La.App. 5 Cir. 10/15/14), 182 So.3d 63, 70.
Therefore, this Court’s decision in Washington does not support a finding that the advice defendant received from his counsel regarding the mandatory nature of the sentence was inaccurate. Furthermore, defendant failed to set forth any facts to prove the circumstances of his case would qualify as an exceptional or rare situation warranting a downward departure from a mandatory minimum sentence I min the event he decided to proceed to trial. Defendant’s assignment of error is without merit.
Defendant also appears to raise ineffective assistance of counsel claims in his supplemental brief. Defendant claims he wanted to proceed to trial, but that from the start of the prosecution, his attorney was eager for him to enter a guilty plea and did not have any interest in representing defendant. He claims his counsel did not investigate his case and did not file motions to suppress. Defendant further claims his counsel did not want to go. to trial because he was going through a personal matter with the law in a domestic case.
Generally, an ineffective assistance of counsel claim is most appropriately addressed through an application for post-cónviction relief filed in the district court, where a full evidentiary hearing can be conducted, rather than by direct appeal. State v. Jones, 13-99 (La.App. 5 Cir. 8/27/13), 123 So.3d 758, 765. However, when the record Contains sufficient evidence to rule- on the merits of the claim and the issue is properly raised in an assignment of error on appeal, it may be addressed in the interest of judicial economy. Id. Where the record does-not contain sufficient evidence to fully explore a claim of ineffective assistance of counsel, the claim should be relegated to post-conviction proceedings under La. C.Cr.P. arts. 924-930.8. State v. Taylor, 04-346 (La.App. 5 Cir. 10/26/04), 887 So.2d 589, 595.
In the present case, the only transcript in the record is that of the guilty plea colloquy and sentencing. Based on the limited record on appeal, we find that to the extent defendant seeks to raise an ineffective assistance of counsel elaim, it would be more appropriately raised in an application for post-conviction relief where defendant can present additional evidence to support his allegations.

*291
ERRORS PATENT

In Appellate counsel also requested an errors patent review. This Court routinely reviews the record for errors patent in accordance with La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). Our review did not reveal any errors patent.

DECREE

For the foregoing reasons, we affirm defendant’s conviction and sentence. We also grant appellate counsel’s motion to withdraw as counsel of record.

AFFIRMED; MOTION TO WITHDRAW GRANTED

. This is a companion case to State v. Johnas Durall, 15-793 (La.App. 5 Cir. 5/12/16), 192 So.3d 310, also decided by this Court today, In that case, defendant pleaded guilty to distribution of cocaine in violation of La. R.S. 40:967(A). The trial court sentenced defendant to 30 years imprisonment at hard labor to be served without the benefit of probation, parole or suspension of sentence to run concurrently, with the sentence in the instant matter.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

. In Bradford, supra; this Court adopted the procedures outlined in State v. Benjamin, 573 So.2d 528, 530 (La.App. 4 Cir. 1990), which were sanctioned by the Louisiana Supreme Court in State v. Mouton, 95-0981 (La.4/28/95), 653 So.2d 1176, 1177 (per curiam ).

. State v. Crosby, 338 So.2d 584, 586 (La. 1976).

. As explained above, the trial court sentenced defendant to 30 years imprisonment at hard labor to run concurrently with the sentence in the instant matter.

. La. R.S. 15:529.1(A)(3)(b) provides:
If the third felony and the two prior felonies are felonies defined as a crime of violence under R.S. 14:2(B), a sex offense as defined in R.S. 15:540 et seq. when the victim is under the age of eighteen at the time of commission of the offense, or as a violation of the Uniform Controlled Dangerous Substances Law punishable by imprisonment for ten years or more, or any other crimes punishable by imprisonment for twelve years or more, or any combination of such crimes, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence, [Emphasis added.]