HANS J. LILJEBERG, Judge.
^Defendant, Johnas Durall, pleaded guilty to distribution' of cocaine, in violation of Lá. R.S. 40:967(A) and stipulated to being a second felony offerider.[1] The trial court sentenced defendant to 30 years imprisonment at hard labor as per the plea agreement. Defendant’s appointed appellate counsel filed an Anders[2] brief, asserting there is no basis for a non-frivolous appeal.
For the following reasons, we affirm defendant’s conviction and sentence as amended. We also grant appellate counsel’s motion to withdraw as counsel.

PROCEDURAL HISTORY AND FACTS

On August 14, 2014, a grand jury indicted defendant for knowingly or intentionally distributing cocaine in violation of La. R.S. 40:967(A). The true bill | ¡¡returned by the grand jury states this crime occurred on November 28, 2012. Defendant pled not guilty at his arraignment. Although defense counsel filed omnibus pretrial motions, no hearings were held due -to defendant’s agreement to enter a -guilty plea. On October 21, 2014, after being advised of his Boykin[3] constitutional rights, defendant withdrew his plea of not: guilty and pleaded guilty as charged. During his plea colloquy, defendant admitted that he sold crack cocaine to an undercover agent.
In accordance with the negotiated plea agreement, the trial court sentenced defendant to 30 years imprisonment at hard labor, two years of which were to be served without the benefit of probation, *312 parole or suspension of sentence. The State then filed a second felony habitual offender bill of information.[4] After being advised of his habitual offender rights, defendant stipulated that he was a second felony offender. The trial judge vacated the prior sentence and sentenced defendant to 30 years imprisonment at hard labor without the benefit of probation, parole and suspension of sentence pursuant to La. R.S. 15:529.1.
On October 22, 2015, defendant filed an application for post-conviction relief asking the trial court to vacate his guilty plea and sentence based on claims of ineffective assistance of counsel. The trial court ruled that pursuant to La.C.Cr.P. art. 924.1, it could not entertain defendant’s post-conviction application because defendant could appeal the conviction and sentence he sought to challenge by seeking an out-of-time appeal. Therefore, the trial court construed defendant’s application as a request for an out-of-time appeal and granted the requested relief.

¡jANDERS BRIEF

Under the procedure adopted by this Court in State v. Bradford, 95-929 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11,[5] appointed appellate counsel filed a brief asserting that she thoroughly reviewed the trial court record and could not identify any non-frivolous issues to raise on appeal. Accordingly, pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241 (per curiam), appointed counsel requests permission to withdraw as counsel of record.
In Anders, supra, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if he finds the case to be wholly frivolous after a conscientious examination of it. The request must be accompanied by “a brief referring to anything in the record that might arguably support the appeal” so as to provide the reviewing court “with a basis for determining whether appointed counsel have fully performed their duty to support their clients’ appeals to the best of their ability” and to assist the reviewing court “in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw.” McCoy v. Court of Appeals of Wisconsin, Dist. 1, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).
When conducting a review for compliance with Anders, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. Bradford, 676 So.2d at 1110.
Lin the present case, defendant’s appellate counsel asserts that after a careful review of the record, she can find no non-frivolous issues to raise on appeal. She notes there are no trial court rulings to challenge. Counsel further explains that defendant entered an unqualified guilty *313 plea, thereby waiving all non-jurisdictional defects. She notes defendant did not reserve any rights under State v. Crosby[6] as part of the plea agreement, and the trial court conducted a proper colloquy with defendant prior to accepting his guilty plea.
Appellate counsel noted that she considered whether to. raise defendant’s claim that he was coerced to enter into the guilty plea, but concluded this claim would be frivolous based on the appellate record presented. She also considered a claim of excessiveness of sentence, but concluded this claim would also be frivolous. In reaching this conclusion, counsel noted the trial court informed defendant of his sentence during the plea colloquy and further noted defendant’s sentence was concurrent with the sentence he received in his companion case on that same day.[7]
An independent review of the record supports appellate counsel’s assertion that no non-frivolous issues exist to raise on appeal. The bill of information properly charged defendant. It plainly, concisely and definitely states the essential facts constituting the offenses charged, and it sufficiently identifies defendant and the crimes charged. See La.O.Cr.P. arts. 464 and 466. As reflected by the minute entries and transcripts, defendant appeared at' all crucial stages of the proceedings against him. As such, defendant’s presence does not present any issue for appeal. Prior to his guilty pleas, defendant filed pre-trial motions to suppress statements, evidence and identification. While the record indicates the trial court did not rule Ron these motions, defendant waived the motions by pleading guilty without reserving any issues. See State v. Corzo, 04-791 (La.App. 5 Cir. 2/15/05), 896 So.2d 1101, 1102.
The record establishes defendant was aware he was pleading guilty to distribution of cocaine in violation of La. R.S. 40:967(A). The transcript and waiver of rights form both reflect that defendant was advised of his rights to a trial by jury or by the court, to confront and cross-examine his accusers, against self-incrimination, and that by pleading guilty he was waiving those rights. Thus, defendant was properly advised of his Boykin rights, and the record reflects defendant understood he was waiving these rights.- In addition, defendant indicated he discussed the case with his attorney, his attorney explained the waiver of rights form to him and he understood the waiver of rights form. Defendant also indicated he was not forced, intimidated, coerced or promised anything if he pleaded guilty.
The transcript and the waiver of rights form both reflect the trial court advised defendant that he faced' a maximum sentence of 30 years imprisonment. They also reflect the trial court advised defendant that if it accepted his guilty pleas, he would be sentenced to 30 years imprisonment in both of his cases to run concurrently with each other. The State also agreed to file a reduced “double bill” in exchange for his guilty plea and.defendant stipulated to the bill.
The trial court sentenced defendant in conformity with the plea agreement. La.C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of his sentence imposed in conformity with a plea *314 agreement, which was set forth in the record at the time of the plea. See State v. Ott, 12-111 (La.App. 5 Cir. 10/16/12), 102 So.3d 944, 951. The evidence in the record does not indicate, that defendant was coerced into pleading guilty. During the plea colloquy, defendant admitted to selling crack cocaine to an undercover agent. Furthermore, the imposed sentence 17of 30 years imprisonment falls within the sentencing range of 15 years to 60 years at hard labor prescribed by statute for a second felony offender. See La. R.S. 40:967(B)(4)(b) and La. R.S. 15:529.1(A)(1).[8]
Based on the foregoing, we find that defendant’s guilty plea, multiple offender stipulation, and sentencing as amended below do not present any nonfrivolous issues to be raised on .appeal. Appellate counsel’s brief adequately demonstrates she reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal. An independent review of the record supports counsel’s assertion.

ERRORS PATENT

Appellate counsel also requested an errors patent review. This Court routinely reviews, the record for errors patent in' accordance with La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990).
After reviewing the record, we find that the trial court improperly imposed defendant’s multiple offender sentence without the benefit of parole for the entire 30-year sentence.. A defendant’s sentence under the Habitual Offender Law, La. R.S. 15:529.1, is determined by the sentencing provisions of both the underlying crime and the Habitual Offender Law. State v. Holmes, 12-351 (La.App. 5 Cir. 12/11/12), 106 So.3d 1076, 1081-82, writ denied, 13-86 (La.6/14/13), 118 So.3d 1080. The underlying offense of distribution of cocaine only provides for a restriction of parole, probation, of* suspension of sentence for the first two years. La. R.S. 40:967(B)(4)(b). Further, the Habitual Offender Law only provides for a restriction of probation or suspension of the sentence, not a restriction of parole.- La. R.S. 15:529.1(G).
IsWhen a sentencing error involves the imposition of restrictions beyond those authorized by the legislature, the Louisiana Supreme Court instructs appellate courts to correct the error pursuant to their authority under La.C.Cr.P. art.-882 to. correct an illegal sentence. State v. Sanders, 04-17 (La.5/14/04), 876 So.2d 42 (per curiam ). Therefore, we amend defendant’s sentence to eliminate the restriction on parole for the entire 30-year sentence and provide that only the first two years of defendant’s sentence are without the benefit of parole. The entire 30-year sentence remains without the benefit of probation or suspension of sentence. We order the Clerk of this Court to transmit notice of the amended sentence to the officer in charge of the institution to which defendant has been sentenced and to the Department of Corrections’ legal department. See State v. Richard, 12-310 c/w 12-311 (La.App. 5 Cir. 4/24/13), 115 So.3d 86, 94, writ denied, 13-1220 (La.12/2/13), 126 So.3d 497.

DECREE

For the foregoing reasons, we affirm defendant’s conviction and sentence as amended. We also grant appellate counsel’s motion to withdraw as counsel of record.

*315
CONVICTION AFFIRMED: SENTENCE AFFIRMED AS AMENDED: MOTION TO WITHDRAW GRANTED.

.This is a companion case to State v. Johnas Durall, 15-794 (La.App. 5 Cir. 5/12/16), 192 So.3d 285, also decided by this Court today. In that case, -defendant pleaded guilty to violating La. R.S. 40:966(D), Possession of Heroin (28-200 grams). The trial court sentenced defendant to. 30 years imprisonment at hard labor with the first five years to be served without the benefit of probation, parole or suspension of sentence, as well as a $50,000 fine, to run concurrently with the sentence in the instant matter, -

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

. The multiple offender bill of information indicates defendant pleaded guilty to manslaughter on October 7, 1999, and was sentenced to fifteen years at hard labor.

. In Bradford, supra, this Court adopted the procedures outlined in State v. Benjamin, 573 So.2d 528, 530 (La.App. 4 Cir.1990), which were sanctioned by the Louisiana Supreme Court in State v. Mouton, 95-0981 (La.4/28/95), 653 So.2d 1176, 1177 (per curiam );

. State v. Crosby, 338 So.2d 584, 586 (La. 1976).

. As explained above, the trial court sentenced defendant to thirty years imprisonment at hard labor with the first five years to be served without the benefit of- probation, parole or suspension of .sentence, as well as a $50,000 fine, to run concurrently with the sentence in the instant matter.

. As discussed more fully below in the errors patent review, however, imposing the entire thirty-year sentence without the benefit of parole is contrary to La. R.S. 15:529.1(G).